The **TIMES HERALD PRINTING COMPANY, Petitioner,**

v.

**Wayne C. JONES, M.D., et al, Respondents.**

**No. C–5947.**

Supreme Court of Texas.

April 29, 1987.

Rehearing Denied June 17, 1987.

Charles L. Babcock, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for petitioner.

John H. Martin and Judy C. Norris, Thompson & Knight, Dallas, for respondents.

PER CURIAM.

This is an appeal by The Times Herald Printing Company from an order denying a motion to unseal court records. The facts are set out in the opinion of the Court of Appeals. 717 S.W.2d 933 (Tex.App.—Dallas 1986). Since Times Herald was never a party to or an intervenor in the cause of action, the appeal should have been dismissed. *Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex.1965); TEX.R.CIV.P. 60. We hold that the trial court and court of appeals erred in assuming jurisdiction. The record shows that the motion to unseal was filed and that Times Herald attempted to intervene after the trial court lost plenary power over its judgment. *First Alief Bank v. White,* 682 S.W.2d 251 (Tex.1984); TEX.R.

CIV.P. 329b. The court of appeals erred in disposing of this issue by implying that the district court only lost its plenary power to *alter* or *change* the judgment and that it still had plenary power to *uphold* the judgment. The trial court had no jurisdiction to consider the Motion to Unseal, because the judgment sealing the records was final in all respects. The court of appeals' judgment conflicts with TEX.R.CIV.P. 329b. Therefore, pursuant to TEX.R.APP.P. 133(b), a majority of the court grants the application for writ of error and without hearing oral argument, the judgment of the court of appeals is vacated and the cause is dismissed.