James R. ASHPOLE, et al., Relators,

v.

The Honorable Richard W. MILLARD Judge of the 189th Judicial District Court of Harris County, Texas, Respondent.

No. 01–89–00471–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 21, 1989.

Richard F. Bergner, Karen E. Murray, Houston, for relators.

Kevin M. O'Malley, Houston, for respondent.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

EVANS, Chief Justice.

The relators in this case were parties to a shareholder derivative suit, which resulted in an agreed order of dismissal without prejudice on January 12, 1977. Some twelve years later, on January 19, 1989, the parties jointly moved to seal the record in the case. The court granted the parties' motion and entered an agreed order sealing the record. In March 1989, the real parties in interest in this mandamus proceeding, who were not parties to the original cause, filed a motion with the trial court asking that the court vacate its previous order and that the record be unsealed, making it available for public inspection and copying. Although the court on April 10, 1989, initially denied this motion to unseal, the real parties in interest filed a motion for reconsideration of the motion to unseal, and on May 15, 1989, the court unsealed the file. Relators attack this second order, unsealing the file, in their petition for writ of mandamus.

Courts have long recognized the general right of the public to have access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). A court of record, however, does have an inherent, if limited, right to control public access to its official records, and it is within the court's discretionary authority to order such records sealed. *See id.* at 598–99, 98 S.Ct. at 1312–13; *North Dakota ex rel. Williston Herald v. O'Connell*, 151 N.W.2d 758, 763 (N.D.1967); *Deere & Co. v. Finley*, 103 Ill.App.3d 774, 59 Ill.Dec. 444, 446, 431 N.E.2d 1201, 1203 (1981).

In this case, the dispositive question raised by relator's motion is whether a court has authority to order the record sealed after it has entered a final order dismissing a case without prejudice and its plenary power over the order has expired. We conclude that the trial court's inherent power to control public access to its records does not extend beyond the period of its plenary power.

■ After a court's plenary power over a judgment or order expires, it may only: (1) make nunc pro tunc corrections of clerical errors in a prior judgment or order; and (2) declare a previous judgment or order void because it was signed after the court's plenary power had expired. Tex.R. Civ.P. 329b(f); *see Times Herald Printing Co. v. Jones,* 730 S.W.2d 648, 649 (Tex. 1987).

The parties cite *Times Herald Printing Co. v. Jones* as analogous to this case. In *Times Herald Printing Co.,* an individual brought an action for damages against the defendant, a physician, who sought a protective order limiting disclosure of the contents of certain depositions. The parties later settled, and the court entered an agreed final judgment, signed by the parties and their attorneys, which provided that the records of the case be sealed from public access and disclosure except as to the parties to the suit. About five months after the judgment was entered, Times Herald moved to unseal the records and to obtain access to the court's "orders, opinions, and non-discovery pleadings" in the case.

The Dallas Court of Appeals decided, in an en banc opinion, that even though the trial judge had lost plenary power to alter or change the judgment in the case, that part of the judgment ordering the record sealed affected the rights of Times Herald, and that Times Herald could attack that portion of the judgment by direct or collateral proceedings. *Times Herald Printing Co. v. Jones,* 717 S.W.2d 933, 935 (Tex.App. —Dallas 1986), *rev'd,* 730 S.W.2d 648. The court treated Times Herald's motion to unseal as a new cause of action brought for the sole purpose of gaining access to the records previously sealed, concluding that the relief sought by Times Herald would not change or alter the settlement reached by the parties. *Id.* However, after finding that Times Herald had not shown the required extraordinary circumstances or compelling need to modify the sealing order, the court upheld the trial court's refusal to unseal the file.

The Texas Supreme Court granted Times Herald's application for writ of error, and

in a per curiam opinion, a majority of the court, without hearing oral argument, ordered the judgment of the court of appeals vacated and the cause dismissed. *Times Herald Printing Co.,* 730 S.W.2d 648. The supreme court held that both the trial court and the court of appeals had erred in assuming jurisdiction, because Times Herald's motion to unseal, which the court construed as also a motion to intervene, was filed after the trial court had lost plenary power over its judgment. Thus, the Texas Supreme Court held that the trial court had no jurisdiction to consider Times Herald's motion to unseal, because the judgment sealing the records was final in all respects. Concluding that the court of appeals' decision was in conflict with Tex.R.Civ.P. 329b, the supreme court vacated that ruling.

The circumstances in the *Times Herald* are somewhat different from the facts here. In the *Times Herald* case, there was an agreed judgment, which was signed by both parties and their counsel and contained an express provision that the record be sealed.

■ Here, the court entered an "Agreed Dismissal Without Prejudice," according to the relators' petition. Such a dismissal is not an adjudication of the rights of the parties; it merely puts them back in the position as if suit had never been brought. *Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial Dist.,* 362 S.W.2d 101 (Tex.1962); *U.S. Fidelity & Guar. Co. v. Beuhler,* 597 S.W.2d 523, 525 (Tex.Civ.App.—Beaumont 1980, no writ). The taking of a voluntary nonsuit does not constitute a litigating of the issues in a case, and does not prejudice the parties against seeking the same relief in a subsequent suit. *See West v. Plantation Hills, Inc.,* 497 S.W.2d 460, 462–63 (Tex.Civ.App. —Houston [1st Dist.] 1973, no writ).

■ Once a case is voluntarily dismissed, however, no further action may be had in that cause. *Gibson v. Gibson,* 653 S.W.2d 646 (Tex.App.—Waco 1983, no writ); *see Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982). Any further action must be taken by instituting a suit de novo, unless there is a successful motion to reinstate.

*U.S. Fidelity & Guar. Co. v. Beuhler,* 597 S.W.2d at 524; *Brown v. Nelms,* 374 S.W.2d 917 (Tex.Civ.App.—Fort Worth 1964, no writ). The time limits for filing motions to reinstate are prescribed by the rules of civil procedure and had expired long before the parties filed their agreed motion to seal the file in this case.

Thus, no further action in the case could have been taken without reinstatement, and the time for reinstatement, as well as the trial court's plenary power over its 1977 order of dismissal had long expired.

■ The January 19, 1989 order, which directed that the record be sealed, was not signed until some 12 years after entry of the dismissal order. The court's January 19, 1989 order is void because the dismissed case had not been reinstated, and the court had lost plenary power to amend, modify, or otherwise affect its prior order. Tex.R.Civ.P. 329b(f); *Times Herald Printing Co. v. Jones,* 730 S.W.2d at 649. Because the January 19, 1989 order was void, the trial court acted within its authority in vacating it. Tex.R.Civ.P. 329b(f). No abuse of discretion has been shown.

We deny relator's petition for writ of mandamus.