

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 21, 1992

Honorable John Vance
Criminal District Attorney
Dallas County
133 North Industrial Boulevard
LB 19
Dallas, Texas 75207-4313

Opinion No. DM-166

Re: Whether charges for uncertified copies of records of judiciary in district clerk's office are set by section 9(d) of article 6252-17a, V.T.C.S. (RQ-183)

Dear Mr. Vance:

You request advice as to the costs that may be charged by the Dallas County District Clerk for copies of documents in his office. In particular, you ask whether section 9(d) of the Open Records Act, V.T.C.S. article 6252-17a, establishes the charges for noncertified records from the district clerk's office.

We note initially that the Open Records Act does not apply to records of the judiciary. V.T.C.S. art. 6252-17a, § 2(1)(H). The district clerk is responsible for maintaining records of lawsuits and other records of the judiciary, and such records are not subject to the Open Records Act.[1] Gov't Code § 51.303; *Mustard v. State*, 711 S.W.2d 71 (Tex. App.--Dallas 1986, pet. ref'd), *cert. denied*, 484 U.S. 916 (1987); Attorney General Opinion H-826 (1976) (Open Records Act does not apply to records of judicial proceedings maintained by the district clerk); Open Records Decision No. 274 (1981) (Open Records Act does not apply to judicial records in custody of municipal court clerk). The Open Records Act neither authorizes information held by the judiciary to be withheld nor requires it to be disclosed, but leaves unchanged the status of that branch of government with respect to information held by it. Attorney General Opinion H-826; Open Records Decision No. 25 (1974).

---

[1]Unlike the county clerk, who has administrative duties as clerk for the commissioners court and is the official recorder for the county, the duties of the district clerk are almost entirely judicial. 35 D. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 22.29 at 104 (Texas Practice 1989). *But see* Local Gov't Code § 114.046 (county officers compensated on a fee basis must file report of fees, commissions, and compensation with the district court).

Rule 76a of the Texas Rules of Civil Procedure addresses the availability to the public of court records in civil cases. The Supreme Court adopted this rule to establish guidelines for sealing court records in civil cases. Gov't Code § 22.010. Rule 76a provides in part:

> **1. Standard for Sealing Court Records.** Court records may not be removed from court files except as permitted by statute or rule. No court order or opinion issued in the adjudication of a case may be sealed. *Other court records, as defined in this rule, are presumed to be open to the general public* and may be sealed only upon a showing of all of the following [conditions] . . . .
>
> **2. Court Records.** For purposes of this rule, court records means:
>
> (a) all documents of any nature filed in connection with any matter before any civil court, except:
>
> [exceptions for documents filed in camera, to obtain ruling on discovery; for documents to which access is otherwise restricted by law; and for documents in action under Family Code]
>
> (b) settlement agreements not filed of record, excluding all reference to any monetary consideration, that seek to restrict disclosure of information concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government.
>
> (c) discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government, except discovery in cases originally initiated to preserve bona fide trade secrets or other intangible property rights.

Tex. R. Civ. P. 76a (emphasis added). Rule 76a provides for public notice of a motion to seal court records and a public hearing on the motion. *Id.* §§ 3, 4. Nonparties may intervene as a matter of right to participate in this hearing. *Id.* § 4.

Access to documents in court files not defined as court records by rule 76a remains governed by existing law. *Id.* § 9. Thus, sources of law other than rule 76a still apply to some records of the judiciary. In the absence of a statute, inspection of judicial records is controlled by the common law. *See Palacios v. Corbett*, 172 S.W. 777 (Tex. Civ. App.--San Antonio 1915, writ ref'd). The United States Supreme Court observed in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) that the courts of this country recognize a general right to inspect and copy public records, including judicial records. 435 U.S. at 597. Relying on *Nixon*, a Texas court has concluded that the public has a right to inspect and copy judicial records, subject to the court's inherent power to control public access to its records. *Ashpole v. Millard*, 778 S.W.2d 169, 170 (Tex. App.--Houston [1st Dist.] 1989, no writ). In cases where rule 76a does not apply, it is within the court's discretionary authority to order judicial records sealed, but this authority does not extend beyond the period of the court's plenary power over an order or judgment. *Id.* Another court of appeals cited *Nixon* to conclude that a common-law right to copy and inspect judicial records exists, subject to trial judge's discretion to seal records in particular cases. *Times Herald Printing Co. v. Jones*, 717 S.W.2d 933 (Tex. App.--Dallas 1986), *judgment vacated, cause dism'd per curiam*, 730 S.W.2d 648 (Tex. 1987). The supreme court vacated the judgment and dismissed the cause, because the motion to unseal the court records was filed after the trial court had lost plenary power over its judgment. 730 S.W.2d at 649. *See also Alamo Motor Lines, Inc. v. International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local Union No. 657*, 229 S.W.2d 112 (Tex. Civ. App.--San Antonio 1950, no writ) (right to inspect and copy decision of the court of civil appeals); Attorney General Opinion H-826 (public right of access to judicial records); 20 AM. JUR. 2d *Courts* § 61 (right to inspect court records includes right to make copies).

Section 9 of the Open Records Act provides in part:

(a) The cost to any person requesting noncertified photographic reproductions of public records comprised of pages up to legal size shall not be excessive. The State Purchasing and General Services Commission shall from time to time determine guidelines on the actual cost of standard sized reproduction and shall periodically publish those cost figures for use by governmental bodies in determining charges to be made pursuant to this Act . . . .

(b) Charges made for access to public records comprised in any form other than up to standard sized pages or in computer record banks, microfilm records, or other similar record keeping systems, shall be set upon consultation between the officer for public records and the State Purchasing and General Services Commission . . . .

. . . .

(d) The charges for copies made in the district clerk's office and the county clerk's office *may not be greater than the actual cost of the copies as provided in Subsections (a) and (b) of this section unless a certified record, the cost for which is set by law, is requested.*

V.T.C.S. art. 6252-17a, § 9 (emphasis added).

Section 9(d) must be read in the context of the Open Records Act, which gives members of the public the right to inspect and copy public information in the custody of governmental bodies, but does not grant any right to inspect information in the custody of the judiciary. *See* V.T.C.S. art. 6252-17a, §§ 2(1)(H), 4. Section 9(d) also incorporates the charges established in sections 9(a) and (b) of the Open Records Act, which apply to charges for copies of "public records," and for access to "public records" maintained in any form other than standard sized pages. Section 9(d) establishes the charges for copies of records in the custody of the district clerk's office and the county clerk's office that are available under the Open Records Act. *See Hendricks v. Board of Trustees,* 525 S.W.2d 930, 932 (Tex. Civ. App.--Houston [1st Dist.] 1975, writ ref'd n.r.e.) (sections 9(c), (d), (e), and (f) all relate to copies of public records). It does not establish the charges for records of the judiciary in the custody of the district clerk.

Sections 51.318 and 51.319(5) of the Government Code establish fees to be charged by the district court for copies of records of the judiciary. Section 51.318 provides in part:

(a) In addition to a fee under Section 51.317 [due at time a lawsuit is filed] the district clerk shall collect at the time the service is performed or at the time the service is requested the fees provided by Subsection (b) for services performed by the clerk.

(b) The fees are:

. . . .

(11) for a certified copy of a record, judgment, order, pleading, or paper on file or of record in his office, including certificate and seal, for each page or part of a page.................................................................................................$1

Gov't Code § 51.318.

Section 51.318(b)(11) was amended in 1991. Acts 1991, 72d Leg., ch. 186, § 2, at 808, 809. Prior to amendment, it provided as follows:

for a copy, *other than a photocopy*, of a record, judgment, order, pleading, or paper on file or of record in his office, whether certified or not, including certificate and seal, for each page or part of a page.................................................................................................$1

Acts 1985, 69th Leg., ch. 480, § 1, at 1983 (emphasis added).

The 72d Legislature adopted House Bill No. 202, which amended a number of provisions on court fees, including section 51.318(b). Acts 1991, 72d Leg., ch. 186, § 2, at 808, 809. When House Bill 202 was introduced, it proposed to amend section 51.318(b)(11) by deleting the language "other than a photocopy," italicized in the above quotation. The bill analysis stated that, as a result of this deletion, "all copies on file in the district clerk's office, including photocopies, will now be $1 [one dollar] per page whether certified or not." House Comm. on Judicial Affairs, Bill Analysis, H.B. 202, 72d Leg. (1991) at 2.

However, the House Committee on Judicial Affairs amended House Bill 202 by adopting the language ultimately enacted as section 50.318(11). As amended by the committee, this section applied the fee it charged only to certified copies, instead of all copies. House Comm. on Judicial Affairs, *supra* at 4 (Committee Amendments). The bill analysis prepared by the House Research Organization on House Bill 202 stated that the bill, as amended, "would limit the current $1 [one dollar] fee for obtaining any copy of a record from a district clerk to *certified* copies." House Research Organization, Daily Floor Report, April 9, 1991, at 15 (emphasis in original). Thus, the cost for a page established by section 51.318(11) applies only to copies of certified records of the district clerk's office. As the legislative history that

accompanied this provision shows, the legislature did not intend the fee of one dollar ($1.00) per page to apply to copies of noncertified documents from the district clerk's office.

No provision expressly sets a fee for a copy of a noncertified record in the district clerk's office. However, we believe the fee should be set pursuant to section 51.319(5) of the Government Code, which provides as follows:

> The district clerk shall collect the following fees for services performed by the clerk:
>
> . . . .
>
> (5) for performing any other service prescribed or authorized by law for which no fee is set by law, a reasonable fee.

*See* Attorney General Opinions H-552 (1975) (under similar statute, county clerk may charge reasonable fee for noncertified copies of records); H-453 (1974) (fee in eminent domain proceedings); *see also* Attorney General Opinion JM-757 (1987) (discussing charge for copying public records in county clerk's office). Accordingly, the district clerk may collect a reasonable fee for providing noncertified copies of records of the judiciary to individuals. Since the legislature refused to permit the district clerk to collect a fee of one dollar ($1.00) per page for noncertified records, we believe that amount would be an unreasonable charge as a matter of law.

## S U M M A R Y

The charges established by section 9(d) of the Open Records Act, V.T.C.S. article 6252-17a, for copies made in the district clerk's office do not apply to copies of records of the judiciary held by the district clerk. Rule 76a of the Texas Rules of Civil Procedure, provides that court records, as defined in the rule, are presumed to be open to the public and may be sealed only in accord with the reasons and procedures set out in the rule. Court records not subject to rule 76a are governed by existing law. There is a common-law right to inspect and copy records of the judiciary, subject to the court's inherent power to control access to its records. The charge for an uncertified copy of a judicial record in the clerk's custody is governed by section

51.319(5) of the Government Code, which authorizes the district clerk to collect a "reasonable fee" for "performing any other service prescribed or authorized by law for which no fee is set by law." Since the legislature refused to permit the district clerk to collect a fee of one dollar ($1.00) per page for noncertified records, we believe that amount would be an unreasonable charge as a matter of law.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General