P.I.A. OF FORT WORTH, INC., Hernan E. Burgos, M.D., Virgil M. Cox, M.D., M. Basheer Ahmed, M.D., and Jagan S. Reddy, M.D., Relators,

v.

The Honorable Frank SULLIVAN, Judge, 322nd Judicial District Court of Tarrant County, Texas, Respondent.

No. 2–92–115–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 17, 1992.

Cantey & Hanger, L.L.P., Veronika Willard, Fort Worth, for Relators Burgos, Cox, and Ahmed.

Haynes and Boone, L.L.P., John J. Edwards, Donald C. Templin, and Christina L. Ewing, Dallas, for Relator P.I.A.

J. Michael Liles, P.C., J. Michael Liles, Fort Worth, Law Offices of Keith M. Jensen, Keith Jensen, Dallas, for real parties in interest.

Before WEAVER, C.J., and HILL and MEYERS, JJ.

OPINION

MEYERS, Justice.

Relators, P.I.A. of Fort Worth, Inc. d/b/a Psychiatric Institute of Fort Worth, Hernan E. Burgos, M.D., Virgil M. Cox, M.D., M. Basheer Ahmed, M.D., and Jagan S. Reddy, M.D., seek the issuance of a writ of mandamus to compel the Honorable Frank Sullivan, Judge of the 322nd Judicial District Court of Tarrant County, to comply with the provisions of Tex.R.Civ.P. 329b by vacating the Order to Seal Records entered in Cause No. 322–112279; *In the Matter of the Marriage of William Duard Bok and Margaret Sellers Bok, and In the Interest of William Edward Bok, a Child,*

in the 322nd Judicial District Court of Tarrant County. Mandamus is sought pursuant to our authority under TEX.GOV'T CODE ANN. § 22.221(b) (Vernon 1988).

The writ of mandamus is conditionally granted.

The underlying lawsuit involves claims of libel against relators by William Duard Bok, Margaret Sellers Bok, and William Edward Bok, the real parties in interest. Respondent was the presiding judge over the Boks' previous divorce action. This divorce action was terminated by a voluntary suit for dismissal on December 18, 1990. No final decree was entered in the cause.

On October 7, 1991, after discovery in the underlying lawsuit commenced, respondent ordered the records from the Boks' divorce action sealed. Relators subsequently brought a motion to unseal the records on the grounds that they purportedly are necessary for the preparation of relators' defense in the underlying lawsuit. Respondent denied the motion to unseal the records. Relators now seek a mandamus to compel respondent to unseal the records.

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will not issue unless a clear abuse of discretion is shown. *See West v. Solito*, 563 S.W.2d 240, 244 (Tex.1978, orig. proceeding); *Allen v. Humphreys*, 559 S.W.2d 798, 801 (Tex.1977, orig. proceeding); *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977, orig. proceeding). Furthermore, appellate courts will not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *Jampole v. Touchy*, 673 S.W.2d 569, 572–73 (Tex.1984, orig. proceeding); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980, orig. proceeding).

Mandamus has traditionally been an extreme measure to be utilized only when there has been a violation of a clear legal right possessed by the relator, *Neville v. Brewster*, 163 Tex. 155, 352 S.W.2d 449, 452 (1961, orig. proceeding), and when there is a clear legal duty to act on behalf of the respondent. *Pat Walker & Co. v.*

*Johnson*, 623 S.W.2d 306, 308 (Tex.1981, orig. proceeding).

■ The focus of relators' argument is that respondent did not have jurisdiction to seal the records because his plenary power over the Boks' divorce action had expired. *Ashpole v. Millard*, 778 S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding), is a case which is directly on point. In *Ashpole*, the parties, who previously entered into an agreed order of dismissal, jointly moved twelve years later to seal the records in the case. *Id.* at 170. The trial court sealed the records, then unsealed the records. *Id.* The 1st district court of appeals upheld the trial court's action in unsealing the records because "the trial court's inherent power to control public access to its records does not extend beyond the period of its plenary power." *Id.*; see *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex.1987) (per curiam) (once the trial court lost its plenary power it had no jurisdiction to act on a motion to unseal documents). Rule 329b provides that a court loses its plenary power thirty days after judgment is signed if no motion for new trial has been made. TEX.R.CIV.P. 329b.

Further, once a case is voluntarily dismissed, no further action may be had except by a successful motion to reinstate or a suit de novo. *Ashpole*, 778 S.W.2d at 171. The Family Code mandates that when a family law case is voluntarily dismissed, the court does not retain any continuing jurisdiction. TEX.FAM.CODE ANN. § 11.05(e) (Vernon 1986).

The real parties in interest contend that *Ashpole* was overruled by the Texas Supreme Court's recent enactment of TEX. R.CIV.P. 76a. This rule gives a court power and procedure to seal court records along with continuing jurisdiction to enforce, alter, or vacate a sealing order. *Id.* However, rule 76a states that documents filed in an original action arising under the Family Code are not court records within rule 76a. *Id.* The rule then specifically states:

Access to documents in court files not defined as court records by this rule remains governed by existing law.

TEX.R.CIV.P. 76a(9). This means that *Ashpole* is good law and governs these sealed documents because they were filed in an original action arising under the Family Code.

In the Boks' divorce case, when they voluntarily dismissed the suit they did not take action to seal the records within the time the court had plenary power. Thus, respondent's order to seal the records was made when he had no power to issue such an order. "The writ of mandamus will not lie to correct a merely erroneous or voidable order of the trial court, but will lie to correct one which the trial judge had no power to render." *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986, orig. proceeding).

We conclude that under the terms of rule 329b, respondent Judge Sullivan had no jurisdiction to seal the Boks' divorce records over nine months after the suit had been voluntarily dismissed and after he had lost his plenary power. Pursuant to rule 329b(f), Judge Sullivan must now unseal the records, declaring his previous order sealing the records void because it was signed after the court's plenary power had expired. We are certain Judge Sullivan will comply with this order. In the event he fails to do so, a writ of mandamus will issue.

The petition for writ of mandamus is conditionally granted.