ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 13, 2006

Mr. Carl Reynolds
Administrative Director
Office of Court Administration
Post Office Box 12066
Austin, Texas 78711-2066

Opinion No. GA-0422

Re: Confidentiality of grand and petit jury lists
(RQ-0380-GA)

Dear Mr. Reynolds:

You ask about the confidentiality of grand and petit jury lists.[1] Specifically, you ask us to address whether judges and clerks are required by law to keep jury lists confidential when dealing with parties to a case, counsel to parties to a case, and third parties at different points in time, such as during voir dire, during trial, and after trial. *See* Request Letter, *supra* note 1, at 2.

Jury lists are distinct from other information collected in jury selection processes and consist only of jurors' names. *See id.* at 1; *see also Saur v. State*, 918 S.W.2d 64, 66–67 (Tex. App.—San Antonio 1996, no writ) (explaining "jury lists" in the context of petit jury organization); *cf.* TEX. GOV'T CODE ANN. § 62.0132 (Vernon 2005) (requiring prospective jurors to provide biographic and demographic information in the form of a questionnaire). We note that the term "jury list" in some cases refers to the panel of individuals from which a jury is selected, *see* TEX. GOV'T CODE ANN. § 62.004 (Vernon Supp. 2005) (drawing names of prospective petit jurors), and in other cases refers to the list of names of people who actually serve on a jury, *see* TEX. CODE CRIM. PROC. ANN. art. 35.26 (Vernon Supp. 2005) (list of prospective jurors chosen to serve). The laws that govern petit and grand jury organization, including the laws governing jury lists, are found in diverse statutes and do not apply uniformly to all jury lists. For example, the Code of Criminal Procedure contains provisions relevant only to juries in criminal cases. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 35.01–.29 (Vernon 1989 & Supp. 2005) (governing the organization of a petit jury in criminal matters). Thus, the answer to your questions varies depending on the type of jury—whether summoned for civil or criminal duty and whether petit or grand—and we therefore will address your questions separately for each jury type.

---

[1]*See* Letter from Carl Reynolds, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Attorney General of Texas (Aug. 17, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

## I.     <u>General Matters</u>

For both civil and criminal cases, we presume that the courts' records and proceedings are open to public scrutiny. *See Ashpole v. Millard*, 778 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1989, no writ) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), for the proposition that American courts recognize the public's general right under the common law to inspect and copy judicial records); TEX. CODE CRIM. PROC. ANN. art. 1.24 (Vernon 2005) ("The proceedings and trials in all courts shall be open to the general public."). Furthermore, to the extent that we will need to construe statutes relevant to your questions, we must give effect to the legislature's intent. *See* TEX. GOV'T CODE ANN. §§ 311.021, .023 (Vernon 2005); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex. 1999); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To do so, we must first attempt to construe statutes according to their plain language, *see In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *Peek v. State*, 106 S.W.3d 72, 75 (Tex. Crim. App. 2003), reading the language according to the rules of grammar and common usage, unless it has acquired a technical meaning, *see* TEX. GOV'T CODE ANN. § 311.011(a)–(b) (Vernon 2005); TEX. CODE CRIM. PROC. ANN. art. 3.01 (Vernon 2005). We may also consider, among other things, a statute's objectives, the legislative history, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005); *Boykin*, 818 S.W.2d at 785–86.

### A.     Grand Jury List Confidentiality

Chapter 19 of the Code of Criminal Procedure governs grand jury organization. *See* TEX. CODE CRIM. PROC. ANN. arts. 19.01–.42 (Vernon 2005 & Supp. 2005). District judges may choose to organize a grand jury by means of a jury commission, *see id.* art. 19.01(a) (Vernon 2005), or by directing that "20 to 125 prospective grand jurors be selected and summoned . . . in the same manner as the selection and summons of panels for the trial of civil cases in the district courts," *id.* art. 19.01(b); *see also generally* TEX. GOV'T CODE ANN. §§ 62.001–.114 (Vernon 2005 & Supp. 2005) (petit jury organization process in the district courts). In all cases of grand jury organization, courts collect jury lists consisting of the names of individuals to be summoned as prospective grand jurors. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 19.09 (Vernon 2005) (describing grand jury list selected by jury commission); TEX. GOV'T CODE ANN. § 62.004 (Vernon Supp. 2005) (describing petit jury wheel process that also may be used to select grand jury list); TEX. GOV'T CODE ANN. § 62.011 (Vernon 2005) (selection of names for petit jury with aid of electronic or mechanical equipment that may also be used to select grand jury list). These lists are then delivered by the judge to the clerk, who is required to swear under oath to keep the lists in a sealed envelope until a time prescribed by law. *See* TEX. CODE CRIM. PROC. ANN. art. 19.11 (Vernon 2005) (requiring clerk's oath for grand jury list created by commission); TEX. GOV'T CODE ANN. § 62.007(c) (Vernon 2005) (requiring clerk's oath for grand jury list created by petit jury organization process). And that time is the point at which the envelope is unsealed and delivered to the sheriff or constable to issue summonses. *See* TEX. CODE CRIM. PROC. ANN. art. 19.13 (Vernon 2005) ("Clerk shall open lists"); TEX. GOV'T CODE ANN. § 62.013 (Vernon 2005) ("Summons for Jury Service by Sheriff or Constable"). Beyond these provisions requiring a clerk to keep sealed the envelope containing prospective grand jurors' names, we can find no other provision that speaks to a judge's or clerk's duty to keep grand jury lists confidential.

You refer us to Code of Criminal Procedure article 19.42 and suggest that this provision may be relevant to grand jury list confidentiality. *See* Request Letter, *supra* note 1, at 2. Article 19.42 makes confidential certain information collected in the grand jury selection process:

> (a) Except as provided by Subsection (b), information collected by the court, court personnel, or prosecuting attorney during the grand jury selection process about a person who serves as a grand juror, including the person's home address, home telephone number, social security number, driver's license number, and other personal information, is confidential and may not be disclosed by the court, court personnel, or prosecuting attorney.

> (b) On a showing of good cause, the court shall permit disclosure of the information sought to a party to the proceeding.

TEX. CODE CRIM. PROC. ANN. art. 19.42 (Vernon 2005). You ask about a judge's or clerk's duty to keep confidential all jury lists, including those lists that contain the names of only prospective jurors. *See* Request Letter, *supra* note 1, at 2. Thus, we note first that by the provision's plain language, article19.42 applies only to information collected about a person "who serves as a grand juror" and so, regardless of its relevance to grand jury list confidentiality, this provision does not apply to grand jury lists that contain the names of individuals who were summoned but did not serve. The provision's plain language does, however, make confidential certain information collected about a person who actually served or is serving as a grand juror, "including [a juror's] home address, home telephone number, social security number, driver's license number, and *other personal information*." TEX. CODE CRIM. PROC. ANN. art. 19.42 (Vernon 2005) (emphasis added). Given this language, it is incumbent upon us to determine if jury lists that contain the names of actual grand jurors are the type of "personal information" considered confidential under this provision's terms.

Although the *proceedings* of a grand jury—once it is organized—are closed to the public, *see id.* art. 20.011 (enumerating those who may be present during grand jury proceedings); *id.* art. 20.02(a) ("The proceedings of the grand jury shall be secret."), there are no similar provisions that release a court during the grand jury organization process from the general rule articulated in article 1.24 of the Code of Criminal Procedure that the "proceedings and trials in the courts shall be open to the general public," *id.* art. 1.24. Indeed, article 19.27 expressly includes the public in the grand jury organization process by permitting "any person [to] challenge the array of jurors or any person presented as a grand juror." *See id.* art. 19.27; *see also id.* arts. 19.21–.26 (requiring court to test juror qualifications and present qualified jurors for impanelment). Therefore, the grand jury organization process is conducted in open court. As a practical matter, then, grand jurors' identities will become public during the grand jury organization process. Consequently, grand jury lists do not contain "personal information" and must fall outside article 19.42's bounds. *See* GEORGE E. DIX & ROBERT O. DAWSON, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 18.06 (2d ed. 2001) (stating that the identity of a grand juror is public information despite article 19.42's language because the qualifications of potential grand jurors are tested in open court, among other things).

Returning to your specific questions, we can find nothing in the law that overcomes the presumption[2] that these lists are public information; therefore, a clerk or a judge has no duty to keep a grand jury list confidential after the clerk has opened the envelope containing the names of prospective grand jurors. Until that time, a clerk is specifically obligated to maintain sealed the list of prospective grand jurors. You do not ask about and we do not consider a judge's discretionary authority to seal court records, including grand jury lists, or a clerk's responsibility in such case.

### B.   Petit Jury List Confidentiality - Generally

Some provisions affect the confidentiality of jury lists for all petit juries. You ask about the lists that courts formally collect, which for petit juries sometimes consist of the names of citizens summoned as prospective jurors, *see* TEX. GOV'T CODE ANN. § 62.004 (Vernon Supp. 2005) ("Drawing Names for Jury Lists"), and which, in other instances, consist of the names of the prospective jurors who have not been stricken by peremptory challenge during the jury selection process, *see* TEX. CODE CRIM. PROC. ANN. art. 35.26 (Vernon Supp. 2005) (jury list returned to clerk in a criminal matter); TEX. R. CIV. P. 234 (jury list returned to clerk in a civil matter). Similar to grand jury lists, petit jury lists of prospective jurors—the venire panel—are confidential by law for a prescribed period, *see* TEX. GOV'T CODE ANN. § 62.007 (Vernon 2005) (requiring clerk and clerk's deputy to take oath swearing to maintain the list of the venire panel sealed until time authorized by law), which ends when they are unsealed for the purpose of summoning the jurors. *See* TEX. GOV'T CODE ANN. § 62.013 (Vernon 2005) ("Summons for Jury Service by Sheriff or Constable"). In addition, the petit jurors' names are expressly required to be revealed to the parties at the time they announce ready for trial. *See, e.g.*, TEX. R. CIV. P. 224 (requiring provision of jury list to parties in a civil suit when they announce ready for a civil trial); TEX. CODE CRIM. PROC. ANN. art. 35.01 (Vernon 1989) (requiring the names of the venire panel to be called at the time the parties announce ready in a criminal matter); *see also* Tex. Att'y Gen. Op. No. JC-0405 (2001) at 5, 8.

You suggest that section 62.0132 of the Government Code is relevant to the confidentiality of all petit jury lists because it makes confidential information contained in a jury questionnaire, which includes a person's name. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. GOV'T CODE ANN. § 62.0132 (Vernon 2005) ("The questionnaire must require a person to provide . . . the person's . . . name . . . ."). Section 62.0132 reads in relevant part:

> (f)   Except as provided by Subsection (g), information contained in a completed questionnaire is confidential and is not subject to the [Public Information Act].

> (g)   The information contained in a completed questionnaire may be disclosed to:

> (1)   a judge assigned to hear a cause of action in which the respondent to the questionnaire is a potential juror;

---

[2]For both civil and criminal cases, we presume that the courts' records and proceedings are open to public scrutiny. *See Ashpole*, 778 S.W.2d at 170; TEX. CODE CRIM. PROC. ANN. art. 1.24 (Vernon 2005).

>      (2)  court personnel; and
>
>      (3)  a litigant and a litigant's attorney in a cause of action
> in which the respondent to the questionnaire is a potential juror.

TEX. GOV'T CODE ANN. § 62.0132(f)–(g) (Vernon 2005). We assume that by bringing our attention to this statute you understand section 62.0132 to make petit jurors' names confidential, even when those names appear on a court record other than the questionnaire. The regulatory scheme for the petit jury organization process, however, does not support this construction.

The names of the petit jurors who will actually serve are divulged in open court as a matter of law. *See* TEX. CODE CRIM. PROC. ANN. art. 35.26 (Vernon Supp. 2005) ("[T]he clerk *shall . . . call off the . . . names* on the lists that have not been stricken. . . . Those whose names are called shall be the jury.") (emphasis added); TEX. R. CIV. P. 234 ("The clerk *shall . . . call off the . . . names* on the lists that have not been erased; . . . those whose names are called shall be the jury.") (emphasis added). Therefore, adopting the construction that names appearing on a court record other than a questionnaire are confidential under 62.0132 would lead to the inconsistent result of a clerk having to simultaneously divulge and keep confidential jury lists. Because it would be impossible under this construction for a court clerk to comply with section 62.0132, and because we presume the legislature in writing a law intends a result feasible of execution, *see* TEX. GOV'T CODE ANN. § 311.021(4) (Vernon 2005), we must conclude that the legislature did not intend for jurors' names to be information that is confidential under section 62.0132, when the names appear on a jury list. Section 62.0132 of the Government Code does not impose a duty on a clerk or judge in maintaining jury lists to keep the lists confidential.

### 1.     Confidentiality of Petit Jury Lists in a Civil Matter

Specific to petit jury lists in a civil matter, we can find nothing in the law that overcomes the presumption that these lists are public information and therefore a clerk or a judge has no duty to keep a petit jury list in a civil matter confidential from any party, counsel to a party, or third party after the clerk has opened the envelope containing the names of prospective petit jurors. Thus, in answer to your specific question, there is no duty during voir dire, during trial, and after trial. You do not ask about and we do not consider a judge's discretionary authority to seal court records, including jury lists, or a clerk's responsibility in such case.

### 2.     Confidentiality of Petit Jury Lists in a Criminal Matter

With respect to the confidentiality of petit jury lists in a criminal matter, you suggest that article 35.29 of the Code of Criminal Procedure may be relevant. *See* Request Letter, *supra* note 1, at 1–2. Article 35.29 addresses personal information about jurors and provides:

>      Information collected by the court or by a prosecuting attorney
> during the jury selection process about a person who serves as a juror,
> including the juror's home address, home telephone number, social

> security number, driver's license number, and other personal information, is confidential and may not be disclosed by the court, the prosecuting attorney, the defense counsel, or any court personnel except on application by a party in the trial or on application by a bona fide member of the news media acting in such capacity to the court in which the person is serving or did serve as a juror. On a showing of good cause, the court shall permit disclosure of the information sought.

TEX. CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp. 2005). The language of this provision is essentially identical to article 19.42's language, which makes personal information collected about grand jurors confidential. *Compare id.* art. 35.29, *with id.* art. 19.42 (Vernon 2005). Again, you ask about a judge's or clerk's duty to keep confidential all jury lists, including those lists that contain the names of only prospective jurors. *See* Request Letter, *supra* note 1, at 2. Thus, we note first that by the provision's plain language, article 35.29 applies only to information collected about a person "who serves as a juror" and so, regardless of its relevance to petit jury list confidentiality, this provision does not apply to petit jury lists that contain the names of individuals who were summoned but did not serve. Tex. Att'y Gen. Op. No. JC-0405 (2001) at 5–7. Article 35.29's plain language, however, does make confidential certain information collected about a person who actually served or is serving as a petit juror, "including [a juror's] home address, home telephone number, social security number, driver's license number, and *other personal information.*" TEX. CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp. 2005) (emphasis added). Thus, it is again incumbent upon us to determine if petit jury lists that contain the names of actual petit jurors are the type of "personal information" considered confidential under this provision's terms.

In this respect, we return to our analysis of article 19.42 and apply its rationale to article 35.29. There is no provision that releases the petit jury organization process from the general rule articulated in article 1.24 of the Code of Criminal Procedure that the "proceedings and trials in the courts shall be open to the general public." *Id.* art. 1.24 (Vernon 2005). As a practical matter, then, petit jurors' identities will become public at the time the parties to the case announce ready for trial and the petit jury organization process begins in open court. *See id.* art. 35.01 (Vernon 1989) ("When a case is called for trial and the parties have announced ready for trial, *the names* of those summoned as jurors in the case *shall be called.*") (emphasis added); *id.* art. 35.26(a) (Vernon Supp. 2005) (after parties have made their peremptory challenges, "the clerk shall . . . *call off the first twelve names on the lists*") (emphasis added). Therefore, petit jury lists in a criminal matter cannot be the type of personal information made confidential by article 35.29; and we must conclude that article 35.29 does not impose a duty on a clerk or judge to keep jury lists confidential.

In sum, we find nothing in the law that overcomes the presumption that petit jury lists in a criminal matter are public information; therefore, clerks and judges have no duty to keep such lists confidential from any party, counsel to a party, or third party to a criminal case at any point in time after the clerk has opened the envelope containing the names of prospective petit jurors. Thus, in answer to your specific question, there is no duty during voir dire, during trial, and after trial. You do not ask about and we do not consider a judge's discretionary authority to seal court records, including jury lists, or a clerk's responsibility in such case.

# S U M M A R Y

Neither a clerk nor a judge has a duty to keep a grand jury list confidential after the clerk, in order to summon the prospective grand jurors, has opened an envelope containing their names. Until that time, a clerk is specifically obligated to maintain sealed the list of prospective grand jurors.

Neither a clerk nor a judge has a duty to keep petit jury lists confidential from any party, counsel to a party, or third party at any point in time after the clerk, in order to summon the prospective petit jurors, has opened the envelope containing the names of prospective petit jurors.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee