COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-045-CV

 

 

MICHOEL A. HAGEMANN                                                     APPELLANT

 

                                                   V.

 

JANELLE HAGEMANN                                                             APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                    

                                              ------------      








The final decree of divorce
between Appellant Michoel A. Hagemann and Appellee Janelle Hagemann reportedly
was signed November 2, 2003.  No motion
for new trial or other postjudgment motion was filed; therefore, the trial
court=s plenary power expired thirty days after the judgment was signed, on
December 2, 2003.  See Tex. R. Civ. P. 329b(d).  On January 16, 2008, the trial court entered
an AOrder Denying Sealing Of Record.@  On February 4, 2008, Appellant
filed a notice of appeal, stating that he wished to appeal the trial court=s order of January 16, 2008, denying sealing of the record.

On February 21, 2008, we sent
Appellant a letter stating our concern that we may not have jurisdiction over
this appeal because the order that Appellant is attempting to appeal was signed
outside the trial court=s plenary
power.  We indicated that this court
would dismiss this appeal for want of jurisdiction if we did not receive a
response showing grounds for continuing the appeal.  Appellant filed a response but failed to
address the plenary power issue.

We are without jurisdiction to grant relief or review the trial court=s actions after
the expiration of its plenary power; consequently, we dismiss this appeal for
want of jurisdiction.  See P.I.A. of
Fort Worth, Inc. v. Sullivan, 837 S.W.2d 844, 846 (Tex. App.CFort Worth 1992,
orig. proceeding) (concluding that under the terms of rule 329b, judge had no
jurisdiction to seal the parties= divorce records over nine months after the suit had
been voluntarily dismissed and after he had lost his plenary power); see
also Tex. R. App. P. 42.3(a).

 

PER CURIAM

 

 

PANEL D:    WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DELIVERED:
March 20, 2008

 











[1]See Tex. R. App. P. 47.4.