COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-045-CV

MICHOEL A. HAGEMANN APPELLANT

V.

JANELLE HAGEMANN APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

The final decree of divorce between Appellant Michoel A. Hagemann and Appellee Janelle Hagemann reportedly was signed November 2, 2003.  No motion for new trial or other postjudgment motion was filed; therefore, the trial court’s plenary power expired thirty days after the judgment was signed, on December 2, 2003.  
See
 
Tex. R. Civ. P.
 329b(d).  On January 16, 2008, the trial court entered an “Order Denying Sealing Of Record.”  On February 4, 2008, Appellant filed a notice of appeal, stating that he wished to appeal the trial court’s order of January 16, 2008, denying sealing of the record.

On February 21, 2008, we sent Appellant a letter stating our concern that we may not have jurisdiction over this appeal because the order that Appellant is attempting to appeal was signed outside the trial court’s plenary power.  We indicated that this court would dismiss this appeal for want of jurisdiction if we did not receive a response showing grounds for continuing the appeal.  Appellant filed a response but failed to address the plenary power issue.

We
 are without jurisdiction to grant relief or review the trial court’s actions after the expiration of its plenary power; consequently, we dismiss this appeal for want of jurisdiction.  
See P.I.A. of Fort Worth, Inc. v. Sullivan
, 837 S.W.2d 844, 846 (Tex. App.—Fort Worth 1992, orig. proceeding) (concluding that under the terms of rule 329b, judge had no jurisdiction to seal the parties’ divorce records over nine months after the suit had been voluntarily dismissed and after he had lost his plenary power
); 
see also 
Tex. R. App. P. 
42.3(a).

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: March 20, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.