**Opinion filed October 23, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00288-CV

_____

## IN RE CHRISTOPHER M. PERRICONE

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Christopher M. Perricone,[1] has filed a petition for writ of mandamus requesting that we order Respondent, the Honorable Mike Moore, the presiding judge of the 29th District Court of Palo Pinto County, to vacate an order to seal court records that it signed on January 9, 2020, in the underlying suit affecting the parent-

---

[1]Relator appeared pro se in the trial court proceedings below and is continuing to proceed on appeal without the assistance of counsel. Despite this, Relator, in proceeding in such a capacity, is nonetheless held to the same standards as licensed attorneys and is required to comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2 (Tex. App.—Eastland 2023, pet. denied); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.).

child relationship (SAPCR) and subsequent modification suit. We deny the petition. *See* TEX. R. APP. P. 52.8(a).

Relator and his ex-wife, Katie Beth Perricone,[2] were appointed joint managing conservators of their four children following their divorce in 2020. *See In re Perricone*, No. 11-25-00078-CV, 2025 WL 1184127, at *1 (Tex. App.—Eastland Apr. 24, 2025, orig. proceeding) (mem. op.). Katie filed a motion to seal court records on January 7, 2020, and the trial court signed an order granting the motion two days later. In June 2024, Katie filed a petition to modify the SAPCR order in which she sought appointment as sole managing conservator of their children. *See* TEX. FAM. CODE ANN. § 156.001 (West 2014); *Perricone*, 2025 WL 1184127, at *1. Relator filed a motion to declare the sealing order "unconstitutional and void" on May 31, 2025, and an amended motion in July 2025. The trial court signed an order on August 4, 2025, denying Relator's request for relief. The trial court's order states that "one or both counsel for [Relator] were fully aware of the sealing order," and "[h]aving full knowledge of the existence of the sealing order, counsel for [Relator] at no time attempted to have the [trial court] vacate, amend, modify, or even address the sealing order." The trial court thus found that Relator's request to have the sealing order declared void ab initio was without merit.

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion 'if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re Cerberus Cap. Mgmt., L.P.*,

---

[2]Because Relator and Katie have the same last name, we will refer to Katie by her first name.

164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting *Walker*, 827 S.W.2d at 839). It is the relator's burden to provide the reviewing court with a sufficient record to establish the right to mandamus relief. TEX. R. APP. P. 52.3, 52.7; *see Walker*, 827 S.W.2d at 837; *In re Pentland*, No. 03-22-00717-CV, 2023 WL 307476, at *1 (Tex. App.—Austin Jan. 19, 2023, orig. proceeding) (mem. op.).

In certain circumstances, mandamus relief is appropriate without a showing that the relator lacks an adequate remedy on appeal. For example, when a trial court signs an order that is "beyond its jurisdiction," the order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). Relator contends that the trial court's 2020 sealing order is void ab initio because he did not sign or approve it, nor did he agree to seal the trial court's file. "An order is void when a court has no power or jurisdiction to render it." *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding). "Mandamus will issue to correct a void order of a trial court." *In re Orsagh*, 151 S.W.3d 263, 265 (Tex. App.—Eastland 2004, no pet.). But it may not be used "to correct a merely erroneous or voidable order of the trial court." *Urbish*, 708 S.W.2d at 431.

Katie filed the petition for divorce in December 2019, and Relator was served with the petition on January 7, 2020. *See* TEX. R. CIV. P. 22. Because the trial court granted Katie's motion and signed its sealing order while the divorce proceeding was pending, it had the jurisdiction to act and render it. *Urbish*, 708 S.W.2d at 431; *see also P.I.A. of Fort Worth, Inc. v. Sullivan*, 837 S.W.2d 844, 846 (Tex. App.—Fort Worth 1992, no pet.) (trial court had no jurisdiction to seal the parties' divorce records nine months after the suit had been voluntarily dismissed).

3

Relator further asserts that the trial court failed to comply with Rule 76a of the Texas Rules of Civil Procedure, which sets forth the standard for sealing "court records," and permits an appeal from any order "relating to sealing or unsealing court records." TEX. R. CIV. P. 76a(1), (8). Rule 76a defines "court records" as "all documents of any nature filed in connection with any matter before any civil court," however, "documents filed in an action originally arising under the Family Code" are excepted. *Id.* R. 76a(2)(a)(3). Suits for the dissolution of marriage, suits affecting the parent-child relationship, and suits to modify an order that provides for the conservatorship, support, or possession of and access to a child clearly arise under the Family Code. *See* FAM. § 6.402 (West 2020), § 102.001–.002 (West 2019), § 156.002.

Here, because the underlying dispute flows from a SAPCR and subsequent modification filings, Rule 76a's requirements for sealing documents do not apply. TEX. R. CIV. P. 76a(2)(a)(3). It logically follows that subsection (8) of this rule, which deems that an order relating to the sealing or unsealing of court records is a final judgment and thus appealable, is likewise inapplicable. *See Hirczy de Mino v. Paxton*, No. 05-25-00981-CV, 2025 WL 2697296, at *1 (Tex. App.—Dallas Sept. 22, 2025, no pet. h.) (mem. op.) (dismissing the appeal of a sealing order in a pending divorce suit as interlocutory and thus not appealable because Rule 76a "excludes [it] from its ambit"); *In re B.H.*, No. 14-22-00068-CV, 2023 WL 5236040, at *2–3 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (mem. op.) (Rule 76a does not apply to an order relating to sealing or unsealing documents filed in an action originally arising under the Family Code, so it "is not deemed severed or final and appealable under Rule 76a(8)."). Consequently, we will presume that Relator lacks an adequate remedy on appeal.

To establish that the trial court abused its discretion by sealing the records at issue, Relator must show that the trial court could reasonably have reached only one decision. *Walker*, 827 S.W.2d at 839–40. "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* at 840. Generally, judicial records and documents are open to the public, but the trial court has the discretion to seal the record in appropriate circumstances. *In re M.A.M.*, No. 05-14-00040-CV, 2015 WL 5863833, at *4 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.). "Certain personal matters fall within a 'constitutionally protected zone of privacy,' including matters related to '[m]arital relationships, procreation, contraception, family relationships, child rearing and education, and medical records.'" *In re Srivastava*, No. 05-17-00998-CV, 2018 WL 833376, at *4 (Tex. App.—Dallas Feb. 12, 2018, orig. proceeding) (mem. op.) (quoting *Nguyen v. Dallas Morning News, L.P.*, No. 02-06-00298-CV, 2008 WL 2511183, at *4 (Tex. App.—Fort Worth June 19, 2008, no pet.) (mem. op.)). "[T]here is a presumption under Texas law that the public has no legitimate interest in private embarrassing facts about private citizens." *Id.* However, whether a matter is one of public concern "depends on the factual context of each particular case, the nature of the information, and the public's legitimate interest in its disclosure." *Id.*

In support of his petition, Relator provided e-mail communications between him and Katie's attorney in which Relator expressed his opposition to the motion to seal. His contention rests not on the trial court's discretion to seal the records but instead that he did not agree to Katie's motion. There is nothing before us that challenges or undermines the trial court's determination that "a specific, serious and substantial interest which clearly outweigh[ed] [the] presumption of openness." *See Srivastava*, 2018 WL 833376, at *5 (quoting *Boardman v. Elm Block Dev. Ltd.*

5

*P'ship*, 872 S.W.2d 297, 299 (Tex. App.—Eastland 1994, no writ)). We are likewise without authority in a mandamus proceeding to either make factual determinations regarding disputed or unsupported facts, or to substitute our opinion for that of the trial court. *See Walker*, 827 S.W.2d at 839–40. Here, the record does not show that the trial court clearly abused its discretion—irrespective of whether the parties in fact agreed—when it ordered the sealing of all documents that were filed in the parties' 2020 divorce and custody suit.

Based on the foregoing, we cannot say that Relator has met his burden to show that the trial court clearly abused its discretion when it (1) signed its sealing order in 2020, or (2) denied Relator's amended motion to declare the sealing order void and unconstitutional. TEX. R. APP. P. 52.8; *Walker*, 827 S.W.2d at 839–40. Relator has therefore failed to demonstrate that he is entitled to mandamus relief.

Accordingly, we deny Relator's petition.


W. STACY TROTTER
JUSTICE


October 23, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.