

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00570-CV

**IN RE E.R.F.**

&

No. 04-26-00142-CV

**IN RE E.R.F.**

Original Proceedings[1]

PER CURIAM

Sitting:      Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: March 25, 2026

PROCEEDINGS CONSOLIDATED, OPINION AND ORDER WITHDRAWN, PETITION FOR WRIT OF MANDAMUS GRANTED, TEMPORARY STAY LIFTED

On our own motion, we consolidate the above-styled mandamus proceedings, we withdraw our January 28, 2026 order and opinion in cause number 04-25-00570-CV, and we issue this substitute order and opinion granting mandamus relief in the consolidated proceedings. *See* TEX. R. APP. P. 19.1, 19.2.

---

[1]These proceedings arise out of Cause No. 2025CI06073, styled *In the Interest of D.I.F., a Child*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

In these consolidated proceedings, relator, E.R.F., challenges substantive orders issued more than thirty days after all claims had been nonsuited. We hold that the challenged temporary orders are void because the trial court lacked jurisdiction to issue them. Consequently, we grant mandamus relief and declare the challenged orders void.[2]

## I.   BACKGROUND

On March 18, 2025, E.R.F. filed a petition to adjudicate the parentage of D.I.F. He filed a nonsuit of his petition on June 27, 2025. The court entered an order granting the nonsuit on July 3, 2025. There were no claims for affirmative relief asserted by D.I.F.'s mother, the real party in interest, at the time E.R.F. filed his nonsuit or when the court issued an order granting the nonsuit. On August 7, 2025, Mother filed a motion for temporary orders. The trial court held a hearing on September 10, 2025, during which it took testimony and admitted evidence before issuing oral temporary orders regarding possession and access of D.I.F. Those orders were reduced to writing and signed on October 20, 2025.

## II.   MANDAMUS STANDARD

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' [or if it clearly fails] to analyze or apply the law correctly . . .." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.

---

[2] Because the challenged orders are void, we do not reach the underlying merits of the orders. *See Freedom Communications, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (holding that the courts of appeals do not have authority to consider merits of a void order).

1985), disapproved of on other grounds by *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009)).

"Mandamus is [also] proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). "If a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding). When the trial court's order is void, "the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

### III.    LAW AND APPLICATION

A plaintiff may dismiss or nonsuit their case at any time prior to the introduction of all of their evidence. TEX. R. CIV. P. 162. The plaintiff's right to nonsuit his case is "unqualified and absolute as long as the defendant has not made a claim for affirmative relief." *Id*.; *see also In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (quoting *BHP Pet. Co. v. Millard,* 800 S.W.2d 838, 840 (Tex. 1990)). An action is extinguished the moment a nonsuit is filed. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The trial court retains limited jurisdiction, generally for thirty (30) days after the nonsuit, to resolve collateral matters, such as costs and attorney's fees and affirmative claims asserted by the defendant, but only if such claims are on file at the time of the nonsuit. *See In re Ranger Alt. Mgmt. (GP), LLC*, No. 05-24-00064-CV, 2024 WL 1152729, at *2 (Tex. App.—Dallas March 18, 2024) (mem. op.) (holding nonsuit was a final judgment because no other affirmative claims were pending and trial court lost plenary jurisdiction to consider later filed claim for attorneys' fees); *see also* TEX. R. CIV. P. 329b(d). "Once a trial court loses plenary jurisdiction over its judgment, it becomes final and any modification to the judgment will be set aside as void." *Goodyear Dunlop Tires N. Am.,*

*Ltd. v. Gamez*, 151 S.W.3d 574, 593 (Tex. App.—San Antonio 2004, no pet.) (citing *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex. 1987) (per curiam)); *see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.").

E.R.F. filed his nonsuit on June 27, 2025. An order granting the nonsuit was entered on July 3, 2026. Thus, the trial court's plenary jurisdiction expired and it had no jurisdiction to consider the motion for temporary orders filed on August 7, 2025. Because the trial court lacked jurisdiction when it issued its oral orders on September 10, 2025 and signed a written order on October 20, 2025, the Temporary Orders made the subject of this mandamus are void. *See* Tex. R. Civ. P. 329b; *Goodyear*, 151 S.W.3d at 593. Further, any action taken by the trial court after its jurisdiction over the cause expired is also a nullity. *See Goodyear*, 151 S.W.3d at 593; *Latty*, 907 S.W.2d at 486.

## IV.  CONCLUSION

We grant the petition for writ of mandamus in Cause No. 04-25-00570-CV because any substantive orders entered by the trial court after Relator's date of nonsuit are void. We declare that any orders entered by the trial court after its plenary power expired on August 2, 2025, are void.

For the same reason and based on the grant of mandamus in Cause No. 04-25-00570-CV, the issues raised in the now consolidated original proceeding Cause No. 04-26-00142-CV are dismissed as moot.

PER CURIAM