**Opinion Filed this 14th day of April, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00446-CV

**ORYON TECHNOLOGIES, INC. AND ORYON TECHNOLOGIES, LLC, Appellants**

**V.**

**M. RICHARD MARCUS, Appellee**

On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-14-01252

## OPINION ON EMERGENCY MOTION FOR STAY
Before Justices Moseley, Fillmore, and Evans
Opinion by Justice Evans

Before the Court is the emergency motion of Oryon Technologies, Inc. and Oryon Technologies, LLC ("Oryon") for a stay of the trial court's April 10, 2014 "Order on Motion for Temporary and Permanent Sealing of Court Records" (Unsealing Order). The Unsealing Order states that "all court records previously subject to the Temporary Sealing Order shall no longer be sealed" and lifts the trial court's temporary sealing order effective at 5:00 p.m. on Friday, April 11, 2014. We address only the issues necessary to rule on the motion for stay pending appeal and our determinations are for that purpose only and do not bind the submission panel.

The Court grants Oryon's motion and stays the Unsealing Order pending this Court's resolution of Oryon's appeal in the ordinary course by a merits panel of this Court to be assigned later.

## I. FACTUAL AND PROCEDURAL CONTEXT[1]

In the underlying dispute in this case, appellee, a minority shareholder, challenges the propriety of actions taken by Oryon's board of directors in approving a business transaction. During the course of discovery, appellee has requested and appellants have produced documents appellants contend include protected trade secrets. On February 12, 2014, the trial court granted appellants' request for a temporary sealing order under rule 76a of the Texas Rules of Civil Procedure. On April 4, 2014, the trial court held a hearing on appellants' request for a permanent sealing order. On April 10, 2014, the trial court signed a written order denying appellants' motion and ordering the documents unsealed as of 5:00 p.m. on April 11, 2014. Appellants filed a motion in the trial court to set a supersedeas bond amount but could not obtain a hearing setting until after April 11, 2014. Appellants brought this appeal pursuant to rule 76a(8). Concurrent with filing their notice of appeal, appellants sought emergency relief to stay the enforcement, or operation, of the Unsealing Order.

## II. DISCLOSURE OF TRADE SECRETS DURING LITIGATION

There is no paramount right to immediate access to court records. *Dallas Morning News*, 842 S.W.2d 655, 659 (Tex. 1992) ("The dissent is apparently of the view that the press and the public have an absolute right to immediate physical access to all exhibits introduced into

---

[1] Because the trial court issued its written Unsealing Order on April 10 providing that the documents would be unsealed at 5:00 p.m. the next day, neither a reporter's record nor a clerk's record are before the Court. The facts as set forth in this opinion are based on the statements of the attorneys, as officers of the Court, in appellants' emergency motion for stay filed at 10:37 a.m. on April 11, and appellee's response and appellants' reply filed in quick succession within a few hours thereafter. *See* TEX. R. APP. P. 10.2(c) (court may rely on statements in unverified motion regarding facts within counsel's personal knowledge); *Hartsell v. State,* 143 S.W.3d 233, 234 (Tex. App.—Waco 2004, no pet.) (counsel's letter explaining facts within personal knowledge sufficient to support motion). The Court concludes that despite the absence of the reporter's record and the clerk's record the exigency of the matter requires a ruling prior to receipt of the full record.

evidence and that this right is paramount over all other rights. This is simply not true."). Indeed, courts must tread cautiously in ordering disclosure of potentially protected documents. The Court must be especially mindful of the property rights of the parties in cases where alleged trade secrets are involved because an improvident disclosure order can destroy the very property right trade secret protection is designed to confer. "A properly proven trade secret interest may constitute a specific, serious, and substantial interest, which would justify restricting access to the documents in question." *Upjohn Co. v. Freeman*, 906 S.W.2d 92, 96 (Tex. App.—Dallas 1995, no writ) (citing *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992)). The continuing secrecy of the trade secret provides its value. *DTM Research, L.L.C. v. AT&T Corp.*, 245 F.3d 327, 332 (4th Cir. 2001) ("The 'proprietary aspect' of a trade secret flows, not from the knowledge itself, but from its secrecy. It is the secret aspect of the knowledge that provides value to the person having the knowledge."). As the Supreme Court has explained, "With respect to a trade secret, the right to exclude others is central to the very definition of the property interest. Once the data that constitute a trade secret are disclosed to others, or others are allowed to use those data, the holder of the trade secret has lost his property interest in the data." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1011 (1984). "Clearly, if an article that is a trade secret becomes known to the community, it loses its status as a trade secret." *Leonard v. State*, 767 S.W.2d 171, 175 (Tex. App.—Dallas 1988), *aff'd sub nom.*, *Schalk v. State*, 823 S.W.2d 633 (Tex. Crim. App. 1991) (citing *Furr's Inc. v. United Specialty Advertising Co.*, 338 S.W.2d 762, 765 (Tex. App.—El Paso 1960, writ ref'd n.r.e.)).

Courts and commentators alike have noted the unique need to exercise due care in ordering the disclosure of trade secrets during litigation given their particular vulnerability during litigation. *See generally* Timothy Durst & Cheryl Mann, *Behind Closed Doors: Closing*

*the Courtroom in Trade Secrets Cases*, 8 TEX. INTELL. PROP. L.J. 355, 356 (2000). Protection of documents that might disclose a party's trade secrets is appropriate because absent protection of those documents during litigation, "little purpose would be served by suing based on a theft of trade secrets or invasion of privacy because the litigation itself would guarantee that both interests would be destroyed." *Dallas Morning News*, 842 S.W.2d at 660. Accordingly, this court has concluded that a trial court may only order the public disclosure of trade secrets if such disclosure is "indispensable to truth and justice." *In re Samsung Telecommunications of Am., Inc.*, 05-99-01949-CV, 1999 WL 1081387 (Tex. App.—Dallas Dec. 2, 1999, orig. proceeding) (citing *Automatic Drilling Machines, Inc. v. Miller*, 515 S.W.2d 256, 259 (Tex. 1974)). At this time, the Court makes no determination on whether disclosure is indispensable to truth and justice because that is among the ultimate questions to be resolved by this appeal.

### III. APPLICABLE STANDARD FOR RELIEF

Courts of appeals are authorized to issue orders to protect their jurisdiction over an appeal pursuant to rule 76a of the Texas Rules of Civil Procedure. *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657-58 (Tex. 1992). The Texas Supreme Court has recognized that in cases where access to potentially confidential documents is in question, "preliminary disclosure would compromise the effectiveness of any later sealing order, possibly even mooting the controversy." *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 525 (Tex. 1998). The possibility of compromising the effectiveness of further action by this Court looms especially large in this case, where failing to stay the trial court's order will prevent this Court from taking effective action should it determine that the trial court has erred in concluding that the documents at issue are not properly subject to a sealing order.

Appellants perfected a direct appeal[2] of the Unsealing Order pursuant to rule 76a(8) which provides that final orders sealing or unsealing court records are to be treated as severed and final for appellate purposes. *See* TEX. R. CIV. P. 76a(8). Rule 24.4(c) of the Texas Rules of Appellate Procedure pertaining to appeals from final judgments authorizes this Court to "issue any temporary orders necessary to preserve the parties' rights." While an appeal under rule 76a is an appeal from a final judgment, such an appeal necessarily leaves substantial proceedings in progress in the trial court while the rule 76a appeal proceeds in the appellate court. While it is preferable to resolve a rule 76a appeal before conducting a trial on the merits, "even when every effort is made to resolve the rule 76a appeal with dispatch, there will certainly be instances when the appeal cannot be resolved before the trial on the merits." *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657 n.2 (Tex. 1992). Although not subject to the expedited time frames governing interlocutory appeals, in most respects an appeal under rule 76a is more directly akin to an interlocutory appeal than an appeal after final judgment. Thus, in determining what sorts of temporary orders are necessary to preserve the parties' rights, the appellate court must consider how the continued proceedings in the trial court might affect, and be affected by, the appellate proceedings. For this reason we take guidance for our application of rule 24.4(c) to this case from the jurisprudence regarding rule 29.3 of the Texas Rules of Appellate Procedure.[3]

---

[2] Appellee faults appellants for failure to comply with the requirements of rule 52 of the Texas Rules of Appellate Procedure. Rule 76a of the Texas Rules of Civil Procedure specifically provides that orders relating to sealing or unsealing court records are immediately appealable as final judgments. Because rule 76a provides an adequate remedy by appeal, appellants have properly brought this proceeding by appeal rather than mandamus. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) ("Our requirement that mandamus will not issue where there is an adequate remedy by appeal is well-settled.").

[3] Rule 29.3 provides that the Court "may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security. But the appellate court must not suspend the trial court's order if the appellants' rights would be adequately protected by supersedeas or another order made under Rule 24." TEX. R. APP. P. 29.3.

Some appellate courts have suggested that a party seeking a stay during the pendency of an appeal must show that it would be entitled to issuance of an injunction to protect appellate jurisdiction under Section 22.221 of the Texas Government Code. *See, e.g., Falcon v. Bonanza Capital, Ltd.*, No. 03-12-00132-CV, 2012 WL 1655809 (Tex. App.—Austin May 1, 2012, no pet.) (mem. op.); *Maples v. Muscletech, Inc.*, 74 S.W.3d 429, 431 (Tex. App.—Amarillo 2002, no pet.); *Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n*, 786 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1990, no writ). This Court has stated, however, that the requirements for a stay to protect the Court's jurisdiction are not as stringent as the requirements of the Section 22.221 of the Texas Government Code. "A stay is not a writ of prohibition: a stay is intended to be only temporary, and the requisite showing for a stay is less formal than the requisite showing for a writ of prohibition." *J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Whittington*, 843 S.W.2d 77, 83 (Tex. App.—Dallas 1992, no writ).[4] Particularly in cases such as this one, where the actions of the trial court during the pendency of the appeal endanger this Court's jurisdiction over the appeal, just as under rule 29.3, the question on a motion for stay is not whether the trial court acted within its discretion in issuing the order in question, but rather whether a stay is needed to preserve the rights of the parties pending appeal. *See, e.g.*, TEX. R. APP. P. 29.3; *see In re Lasik Plus of Texas, P.A.,* 14-13-00036-CV, 2013 WL 816674, at *4 (Tex.

---

[4] In *J.K. & Susie L. Wadley Research Inst. & Blood Bank*, the Court emphasized the need for parties to seek timely relief from this Court and to avoid creating their own emergencies by inaction in the face of adverse rulings in the trial court. *J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Whittington*, 843 S.W.2d 77, 84 (Tex. App.—Dallas 1992, no writ) ("Nor should a relator generally be able to obtain ex parte emergency relief merely because it has been dilatory in requesting it and because its eleventh-hour request prevents this Court from obtaining and considering a response from a real party in interest before granting any emergency relief."). Appellee argues that appellants should be denied emergency relief because appellants have not been diligent in seeking relief from this Court because the trial court orally announced its intention to unseal the documents on April 4, 2014. The Court notes, however, that the trial court did not commit its order to writing until April 10, 2014 and that the order became effective at 5:00 p.m. on April 11, 2014. "The appellate timetable does not commence to run other than by signed, written order, even when the signing of such an order is purely ministerial." *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Accordingly, the Court cannot fault appellants for complying with appellate procedural requirements even if that required them to wait for a written order before seeking emergency relief.

App.—Houston [14th Dist.] Mar. 5, 2013, orig. proceeding) ("We cannot conclude that temporary orders are necessary to preserve appellants' rights until disposition of their interlocutory appeal.") (mem. op.).

Accordingly, we consider first whether the rights of the appellant can adequately be protected by supersedeas bond and, second, whether the requested stay is necessary to protect the rights of the appellants pending appeal. A rule 76a order sealing or unsealing court records does not dispose of a claim or defense, declare rights, or grant or deny injunctive relief. The issue in a rule 76a order is public disclosure of documents already in the possession of the parties to the case as is the situation here. Disclosure or non-disclosure to the public is not a right that is readily quantifiable by a particular monetary value for a supersedeas bond which makes it quite different from the usual final, civil monetary or injunctive judgment. Rather, non-parties' access or denial of access to documents is similar to parties' complaints to appellate courts by mandamus regarding discovery orders for which there is no requirement of a supersedeas bond. Accordingly, in many cases under Rule 76a, including this case, it will be difficult for the trial court to quantify the monetary value of pre-trial public access to the documents and weigh the monetary value of that access against the appellant's presumptive property right in matters it contends are trade secrets until the judicial process has finally declared the status of the alleged trade secrets by determination on the appeal under rule 76a.

Despite the difficulty of quantifying the monetary value of pre-trial public access to documents asserted to be trade secrets, appellants filed a motion to set a supersedeas bond amount but could not obtain a hearing setting until after the trial court's deadline of 5:00 p.m. on the day after the Unsealing Order was signed. So in this case, even if the trial court could monetize by a supersedeas bond the public's access to the documents subject to the Unsealing

Order, appellants were deprived of that opportunity before the disclosure would have occurred. Had that happened, it is difficult to imagine what benefit would be left to appellants in pursuing the rule 76a(8) appeal resulting in the appeal possibly becoming moot. *See Gen. Tire, Inc.*, 970 S.W.2d at 525. For the same reasons, we conclude a stay of the trial court's order is necessary to preserve appellants' presumptive property rights in the matters alleged to be trade secrets during the pendency of the appeal of the trial court's order. In reaching our conclusion to stay the Unsealing Order, we have not reached a determination of merits of the rule 76a(8) appeal, so nothing in this opinion and order is binding on the submission panel that later decides the merits of this appeal.

## IV. CONCLUSION

For the forgoing reasons, the Court determines that the trial court's Unsealing Order should be stayed pending resolution of the appeal.

/David W. Evans/
DAVID EVANS
JUSTICE

140446OF.P05