ACCEPTED
01-15-00505-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/23/2015 6:28:32 AM
CHRISTOPHER PRINE
CLERK

## CASE NO. 01-15-00505-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/23/2015 6:28:32 AM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| **MARCY LERCH** | § | **IN THE FIRST COURT OF** |
| **APPELLANT** | § | |
| | § | |
| **V.** | § | **APPEAL OF TEXAS** |
| | § | |
| **WILMINGTON TRUST NA** | § | |
| **SUCCESSOR TRUSTEE FOR** | § | |
| **THE MERRILL LYNCH** | § | |
| **MORTGAGE INVESTOR TRUST** | § | **HOUSTON, TEXAS** |
| **SERIES 2006-HE5, APPELLEE** | | |

## MOTION FOR RECONSIDERATION FOR THE APPELLANT'S APPLICATION REQUESTING A STAY OF THE TRIAL COURT'S ORDER OF APRIL 21ST, 2015 AND EXECUTION OF THE WRIT OF POSSESSION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME, MARCY LERCH, ET-AL**, herein, and files this Motion for reconsideration for the appellant's application requesting a stay of the trial Court's Order of April 21st, 2015 and the execution of the writ of possession issued on behalf of Wilmington Trust NA Successor Trustee For The Merrill Lynch Mortgage Investor Trust Series 2006-HE5, Appellee, herein pending appeal, and in support thereof, shows the court the following:

### FACTS/INTRODUCTION

1. The case involves a home equity loan foreclosure. The property was foreclosed on or about January 2015 by the appellee without first obtaining

1

an Order of Foreclosure as required under Tex. R. Civ. P. 736.

2. On or about March 21th, 2015 the lower court granted the Appellee a writ of Possession to evict the Appellant.

3. On or about April 30th, 2015 the Appellant immediately filed a motion of reconsideration and a stay of writ and Pauper's Affidavit in Lieu of supersedes Bond. The Appellee's never challenged the contest of the Affidavit.

4. On or about May 21st, 2015 the Court denied Appellant's motion to stay the enforcement of writ of possession.

## PROCEDURAL HISTORY IN THIS COURT

5. On June 2, 2015, appellant, Marcy Lerch, filed a notice of appeal in the trial court from the final judgment, signed on April 21, 2015, and the order denying her motion to stay enforcement of the writ of possession and reconsideration of the April 21st order, signed on May 21, 2015.

6. On June 8, 2015, appellant filed an application for temporary restraining order, temporary injunction and permanent injunction, requesting a stay of the execution of the writ of possession to preserve the status quo, among other reasons, pending resolution of her appeal.

7. On June 11th, 2015 the Court denied the Appellant's application requesting a stay of execution of the writ of possession based only on the documents

2

filed in this Court, with the appellant's notice of appeal and motion, because there was no indication what the supersedeas bond amount was as set by the trial court or that appellant posted that bond amount within ten days of the signing of the April 21, 2015 final judgment.

## REQUEST FOR RECONSIDERATION OF THIS COURT'S ORDER OF JUNE 11TH, 2015

8. The appellants humbly requests this Court to reconsider its above Order because in the haste of trying to prevent the Appellee's from evicting her she hastily filed the motion of June 08th, 2015 and in so doing failed to attach the final judgment stating the amount of supersedeas bond that was set by the trial court and/or the appellant's Affidavit in lieu of the supersedeas bond which she posted within ten days of the signing of the April 21, 2015 final judgment by the trial Court. These documents are hereby attached as an Appendix to this motion.

## ARGUMENT

9. This Court has jurisdiction to issue writs only as necessary to enforce and protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2014) and may not, however, issue an injunction on wholly equitable grounds or to preserve the status quo or to protect a party from

3

damage pending appeal. *See Parsons v. Galveston County Emp. Credit Union*, 576 S.W.2d 99, 99 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

10. Some appellate courts including this have suggested that a party seeking a stay during the pendency of an appeal must show that it would be entitled to a issuance of an injunction to protect appellate jurisdiction under Section 22.221 of the Texas Government Code. *See, e.g., Falcon v. Bonanza Capital, Ltd.,* No. 03–12–00132–CV, 2012 WL 1655809 (Tex.App.-Austin May 1, 2012, no pet.) (mem. op.); *Maples v. Muscletech, Inc.,* 74 S.W.3d 429, 431 (Tex.App.-Amarillo 2002, no pet.); *Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n,* 786 S.W.2d 789, 791 (Tex.App.-Houston [1st Dist.] 1990, no writ). This Court has stated, however, that the requirements for a stay to protect the Court's jurisdiction are not as stringent as the requirements of the Section 22.221 of the Texas Government Code. "A stay is not a writ of prohibition: a stay is intended to be only temporary, and the requisite showing for a stay is less formal than the requisite showing for a writ of prohibition." *J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Whittington,* 843 S.W.2d 77, 83 (Tex.App.-Dallas 1992, no writ).[4] Particularly in cases such as this one, where the actions of the trial court during the pendency of the appeal

4

endanger this Court's jurisdiction over the appeal, just as under Rule 29.3, the question on a motion for stay is not whether the trial court acted within its discretion in issuing the order in question, but rather whether a stay is needed to preserve the rights of the parties pending appeal. *See, e.g.,* Tex.R.App. P. 29.3; *see In re Lasik Plus of Texas, P.A.,* 14–13–00036–CV, 2013 WL 816674, at *4 (Tex. App.-Houston [14th Dist.] Mar. 5, 2013, orig. proceeding) ("We cannot conclude that temporary orders are necessary to preserve appellants' rights until disposition of their interlocutory appeal.") (mem. op.). See also, *Oryon Technologies, Inc. v. Marcus,* 429 S.W.3d 762, 766-7 (Tex. App..-Dallas 2014) (...in cases such as this one, where the actions of the trial court during the pendency of the appeal endanger this Court's jurisdiction over the appeal, just as under Rule 29.3, the question on a motion for stay is not whether the trial court acted within its discretion in issuing the order in question, but rather whether a stay is needed to preserve the rights of the parties pending appeal.")

11. An Appellate Court may not stay the judgment of a county court in an eviction suit pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. *See* TEX. PROP. CODE ANN. § 24.007(a) (West Supp.

5

2014); *Phillips v. Branch Banking & Trust Co.*, No. 03-11-00461-CV, 2012 WL 424875, at *1 (Tex. App.—Austin, Feb. 1, 2012, order).

12. In Texas, the amount of a supersedeas bond (referred to as "security for judgments pending appeal" in the Texas Civil Practice and Remedies Code) is determined as follows:

   a. Under subsection (a), the amount of the bond must equal 1) the amount of compensatory damages awarded in the judgment, 2) interest for the estimated duration of the appeal, and 3) costs awarded in the judgment.

   b. Under subsection (b), notwithstanding the requirements of subsection (a), the security cannot equal the lesser of 1) 50 percent of the judgment debtor's net worth or 2) USD$25 million.

   c. Under subsection (c), if the judgment debtor shows that the amount of the security would cause "substantial economic harm", the trial court is required to lower it to an amount that would not cause such harm.

   d. Subsection (d) allows an appellate court to review and modify the amount of security, but not to exceed the limitations above.

   e. Subsection (e) permits a trial court to enter orders preventing dissipation or transfer of assets to avoid satisfaction of the

6

judgment, but not so as to prohibit use, transfer, conveyance, or dissipation of assets in the normal course of business.

13. In this case the County Court without rational or any bases set an Appeal/supersedeas bond in an amount $12,680.10 especially since this case was an eviction case pursuant to a foreclosure with no market value of the property stated. Nonetheless, in a case of eviction such as this the cash bond may be waived if the tenant and/or Appellant files an affidavit stating that he or she cannot afford it. The content of the "pauper's bond" or "pauper's affidavit" is prescribed by statute (Tex. Prop. Code §24.0052).

14. Once a pauper's affidavit is filed, the landlord/Appellee has the right to request a hearing and contest the affidavit, alleging that the tenant does in fact have sufficient resources for the bond. The proponent of the affidavit can be questioned on the subject of his or her assets and income. (Tex. R. Civ. P. 510.9(c)).

15. On or about April 21st, 2015 the County issued its final Order setting an Appeal/supersedeas bond in the amount of $12,680.10. *Exhibit A.* And on or about April 30th, 2015, the Appellant filed a Pauper Affidavit in Lieu of Appeal/supersedeas bond. See attached *Exhibit B*. The Appellee waived its right to seek a cash bond because he did not request a hearing

7

seeking a ruling contesting the sufficiency of the Affidavit in Lieu of supersedeas bond. *See Exhibit C* Electronic Docket sheet for Case number 15-CCV-054652.(showing that the Appellee did not seek a hearing to contest the sufficiency of the Pauper's affidavit)

16. In this case the Appellee waived its right to seek the Appellant to post the required bond in cash by failing to request a hearing and contest the Appellant's ability to post the Appeal/ supersedeas bond set by the Trial Court in cash etc. In the absence of such ruling the Appellee waived its right to challenge the sufficiency of the Appellant's Pauper Affidavit in Lieu of Appeal or supersedeas bond. As Such Appellant's Pauper Affidavit in Lieu of Appeal or supersedeas bond was sufficient security for judgments pending appeal. See Tex. R. Civ. P. 510.9(c)). See also, TEX. CIV. PRAC. & REM. CODE § 52.006(c)

17. Further, the Appellant assert that the trial court erred in requiring her to pay $12,680.10 in cash bond because by her pauper Affidavit in Lieu of cash bond, she showed that the amount of the security would cause her substantial economic harm yet the trial court failed to lower it to an amount that would not cause such harm. Section 52.006 also provides that if the judgment debtor shows that the amount of the security would cause "substantial economic harm", the trial court is **_REQUIRED_** to lower it to

8

an amount that would not cause such harm. TEX. CIV. PRAC. & REM. CODE § 52.006(c). Under the plain language of the statute, the trial should have lowered the amount of cash bond if any substantially from the $12,680.10 the trial Court Ordered.

18. Clearly the actions of the trial court during the pendency of the appeal endanger this Court's jurisdiction over the appeal. The question on a motion for stay is not whether the trial court acted within its discretion in issuing the orders in question, but rather whether a stay is needed to preserve the rights of the parties pending appeal. *Oryon Technologies, Inc. v. Marcus*, 429 S.W.3d 762, 766-7 (Tex. App..-Dallas 2014 no. writ)

## CONCLUSION

19. For the forgoing reasons, the trial court's Order and writ of possession should be stayed pending resolution of the appeal.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant herein, respectfully prays that the trial court's Order and the writ of possession on behalf of the appellee be stayed pending resolution of the appeal.

Respectfully submitted,

By */S/ Diogu Kalu Diogu II, LL.M*
Diogu Kalu Diogu II, LL.M
Texas Bar No. 24000340

9

Respectfully submitted,

By:/S/ *Diogu Kalu Diogu II, LL.M*
Diogu Kalu Diogu II, LL.M.
State Bar No. 24000340
P. O. Box 994
Fulshear, Texas 77441
Tel: (713) 791 3225
Fax: (832) 408-7611
diogu.diogu.law.firm@gmail.com

Email:  diogu.diogu.law.firm@gmail.com
P. O. Box 994,
Fulshear, Texas 77441
Tel. (713) 791 3225
Fax. (832) 408-7611

## CERTIFICATE OF CONFERENCE

As required by Texas Rule Of Appellate Procedure 10.1(A)(5), I Certify that any attempt to confer with the attorneys for Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 Appellee about the merit of this motion will be futile because their attorneys have conducted themselves unprofessionally and hostile to the Appellant since the inception of this case.

Respectfully Submitted,

By:*/S/ Diogu Kalu Diogu II, LL.M*
Diogu Kalu Diogu II, LL.M.
State Bar No. 24000340
P. O. Box 994
Fulshear, Texas 77441
Tel: (713) 791 3225
Fax: (832) 408-7611
diogu.diogu.law.firm@gmail.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that a true copy of the Application for Requesting a Stay was served on each attorney of record or party in accordance with the Texas Rules of Appellate Procedure on June 22nd 2015 by fax

10

# EXHIBIT "A"

# FINAL JUDGMENT

| | | |
|---|---|---|
| WILMINGTON TRUST, N.A., | § | IN THE COUNTY COURT |
| SUCCESSOR TRUSTEE TO | § | |
| CITIBANK, N.A., AS TRUSTEE FOR | § | |
| THE MERRILL LYNCH | § | |
| MORTGAGE INVESTORS TRUST, | § | |
| SERIES 2006-HE5 | § | |
| | § | |
| V. | § | AT LAW NUMBER ONE (1) |
| | § | |
| MARCY A. LERCH | § | |
| and/or All Occupants of | § | |
| 939 Darst Road | § | |
| Beasley, Texas 77417 | § | FORT BEND COUNTY, TEXAS |

## FINAL JUDGMENT

On the 21st day of April, 2015, came on to be heard the above-entitled and -numbered cause wherein WILMINGTON TRUST, N.A., SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, SERIES 2006-HE5, is the Plaintiff, and MARCY A. LERCH and/or All Occupants of 939 Darst Road, Beasley, Fort Bend County, Texas 77417, are the Defendants.

The Plaintiffs appeared by their local counsel, William D. Kee, III, Attorney at Law, and announced ready for trial.

_____ ~~The Defendant, failed to appear; OR~~

__✓__ The Defendant appeared in person and announced ready for trial; **OR**

_____ ~~The Defendant appeared in person and through attorney,~~ _____ ~~and announced ready for trial.~~

The Court finds that notice of trial setting was served on Defendant in accordance with Rule 21a.

Citation was served according to law and returned to the clerk where it remained on file for the time required by law. The Court, having read the pleadings and the papers on file, and having

heard the evidence presented, is of the opinion that the allegations of the Plaintiffs' petition are true and that Plaintiff is entitled to a judgment for possession.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** that WILMINGTON TRUST, N.A., SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, SERIES 2006-HE5, Plaintiff, is awarded judgment against Defendants, MARCY A. LERCH, and/or All Occupants, for possession of the property located at 939 Darst Road, Beasley, Fort Bend County, Texas 77417, and that a Writ of Possession issue to the proper officer commanding him to seize possession of said premises and deliver same to Plaintiff after said Writ of Possession has been duly filed by Plaintiff if Defendants have not vacated the herein described premises by ___May 1_____, 2015.

**IT IS FURTHER ORDERED** that the supersedeas bond is hereby set in the amount of $___12,680.10_____ and shall be in the form of cash, cashier's check or corporate surety licensed by and authorized to do business in the State of Texas for such purposes.

All costs of court are hereby taxed against the party by whom incurred, for all of which let execution issue.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

All relief not expressly granted herein is denied.

Signed this __21__ day of ___April_____, 2015.

_____
HONORABLE PRESIDING JUDGE

Prepared By:

WILLIAM D. KEE III
ATTORNEY AT LAW
TBA #24007470
19855 SOUTHWEST FREEWAY, SUITE 330
SUGAR LAND, TX 77479
TEL: (281) 313-5300
FAX: (281) 313-5305
*Local Counsel for Plaintiff*

FILED FOR RECORD
NO_____ TIME 900 A.M.
APR 21 2015

*Laura Richard*
County Clerk Fort Bend Co. Texas

STATE OF TEXAS
COUNTY OF FORT BEND
I, Laura Richard, County Clerk of Fort Bend County, Texas,
do hereby certify that the foregoing is a true and correct copy
as the same appears on file and recorded in the appropriate records.
Note: A portion of a personal identifying number may have been
redacted as allowed by law. 10/15/15 ___ Date

*Laura Richard*
Laura Richard, County Clerk
Fort Bend County, Texas

CAUSE NO. 15-CCV-054652

| | | |
|---|---|---|
| WILMINGTON TRUST NA SUCCESSOR | § | IN THE COUNTY COURT |
| TRUSTEE TO CITIBANK NA AS TRUSTEE | § | |
| FOR THE MERRILL LYNCH MORTGAGE | § | |
| INVESTORS TRUST, SERIES 2006-HE5 | § | AT LAW No. 1 |
| | § | |
| | § | |
| Vs | § | |
| MARCY LERCH and | § | IN AND FOR |
| ALL OCCUPANTS OF | § | |
| 939 Darst Rd | § | |
| Beasley, Texas 77417 | § | FORT BEND COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S MOTION TO STAY AND RECONSIDERATION

COMES NOW ON TO BE HEARD Defendant's Motion to Stay and Reconsideration. After considering the pleadings on file together with the argument of counsel, this court if of the opinion that Defendant is not entitled to the relief sought. IT IS ACCORDINGLY ORDERED that Defendant's Motion to Stay and Reconsideration is HEREBY DENIED.

SIGNED this 21 day of May , 2015.

_____
JUDGE PRESIDING

SUBMITTED FOR ENTRY:

JACK O'BOYLE & ASSOCIATES

/s/ Travis H. Gray
Travis H. Gray
SBN 24044965
travis@jackoboyle.com
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653
F: 972.247.0642
ATTORNEYS FOR PLAINTIFF

FILED FOR RECORD
NO_____ TIME 10:00 A.M. P.M.

MAY 21 2015

*Laura Richard*
County Clerk Fort Bend Co. Texas

STATE OF TEXAS
COUNTY OF FORT BEND
I, Laura Richard, County Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on file and recorded in the appropriate records.
Note: A portion of a personal identifying number may have been redacted as allowed by law. 6|15|15 Ø Date

*Laura Richard*
Laura Richard, County Clerk
Fort Bend County, Texas

# EXHIBIT "B"

# PAUPER AFFIDAVIT IN LIEU OF SUPERSEDEAS BOND

CASE NUMBER: 15-CCV-054652

| | | |
|---|---|---|
| WILMINGTON TRUST NA SUCCESSOR | § | IN THE COUNTY COURT |
| TRUSTEE FOR THE MERRILL LYNCH | § | |
| MORTGAGE INVESTOR TRUST SERIES 2006- | § | |
| HE5, PLAINTIFF | § | |
| | § | |
| | § | |
| V. | § | AL LAW NUMBER ONE (1) |
| | § | |
| MARCY LERCH, ET-AL, DEFENDANTS | § | FORT BEND COUNTY, TEXAS |

**PAUPER AFFIDAVIT IN LIEU OF SUPERSEDEAS BOND**

**BEFORE ME**, the undersigned authority, on this day personally appeared **MARCY LERCH,**

**Defendant,** who, being by me duly sworn, on oath stated as follows:

"My name is **MARCY LERCH.** I am the **Plaintiff** in the above-referenced cause.

"My monthly income consists of $1,304.00 per month.

"I am employed at Dillard's.

"I receive child support arrears in the amount of $434.00 per month.

"I have no other income.

"I own no stocks or bonds.

"I currently have $ 22.00 in cash.

"I have $27.00 in checking or savings accounts.

"I have one dependent.

"I have approximately $675.00 in monthly expenses.

"I have no money to pay for attorney fees, and I believe that I have a meritorious claim.

"I am unable to pay the bond amount $12,000 and or the court costs.

"I verify that the statements made in this affidavit are true and correct."

1



MARCY LERCH
Affiant

SUBSCRIBED AND SWORN TO before me on April 27th , 2015.

MELISSA CANTU
Notary Public. State of Texas
My Commission Expires
July 06, 2017

Notary Public, State of Texas

3

STATE OF TEXAS
COUNTY OF FORT BEND
I, Laura Richard, County Clerk of Fort Bend County, Texas,
do hereby certify that the foregoing is a true and correct copy
as the same appears on file and recorded in the appropriate records.
Note: A portion of a personal identifying number may have been
redacted as allowed by law.    6-18-2015          Date



Laura Richard, County Clerk
Fort Bend County, Texas

# EXHIBIT "C"

**FORT BEND COUNTY COURT NUMBER ONE**
**ELECTRONIC DOCKET SHEET**

# REGISTER OF ACTIONS
## CASE No. 15-CCV-054652

| | |
|---|---|
| Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5, Plaintiff V Marcy Lerch Et-AL Defendants | § § § § § |

Case Type: Other Civil
Date Filed: 03/13/2015
Location: County Court at Law 1

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant or Respondent** | Lerch, Marcy<br>Beasley, TX 77417 | **Diogu Kalu Diogu II, LLM**<br>*Retained*<br>713-791-3225(W) |
| **Plaintiff or Petitioner** | Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 | **Travis Gray**<br>*Retained*<br>972-247-0653(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 03/13/2015 | Docket Sheet | |
| | *qc/bm/rr/mm/ls/ls/ja/vp/dj/mm* | |
| 03/13/2015 | Transcript - JP | |
| | *qc/bm/rr/dj/ap/ls/ap/ap/tg/ls* | |
| 03/24/2015 | Motion (No Fee) | |
| | *Motion to set trial on the merits* | |
| 03/24/2015 | Proposed Order | |
| | *Order setting trial* | |
| 03/27/2015 | Notice | |
| | *Notice of Intention to Introuduce Business Records Affidavit* | |
| 03/27/2015 | Affidavit | |
| | *Business Records Affidavit* | |
| 03/27/2015 | Notice of Hearing | |
| | *Notice of Trial Setting* | |
| 04/20/2015 | Motion for Dismissal | |
| | *Motion to Dismiss for Lack of Jurisdiction* | |
| 04/20/2015 | Motion (No Fee) | |
| | *Motion for Continuance* | |
| 04/21/2015 | JP Eviction Appeal (9:00 AM) (Judicial Officer Morales, Christopher G.) | |
| 04/21/2015 | Order Denying | |
| | *Defendant's Motion for Trial Continuance signed 4/21/15 qc/ja/vp* | |
| 04/21/2015 | Exhibit | |
| | *1 qc/ja/vp* | |
| 04/21/2015 | Exhibit | |
| | *2 qc/ja/vp* | |
| 04/21/2015 | Exhibit | |
| | *3 qc/ja/vp* | |
| 04/21/2015 | Final Judgment After Non-Jury Trial | |
| | *signed 4/21/15 qc/ja/vp* | |
| 04/30/2015 | Affidavit of Indigency | |
| | *Affidavit in Lieu of Appeal Bond QC/MJ* | |
| 05/01/2015 | Request | |
| | *Writ of Possession* | |
| 05/01/2015 | Motion (No Fee) | |
| | *Motion to Stay and reconsideration* | |
| 05/06/2015 | Writ of Possession | |
| | *qc/bm/vs/dj* | |
| 05/06/2015 | Possession | |

| | Served | 06/08/2015 |
|---|---|---|
| Lerch, Marcy | Returned | 06/18/2015 |

| | | |
|---|---|---|
| 05/06/2015 | Answer/Response | |
| | *Plaintiff's Response to Motion to Stay and Reconsideration* | |
| 05/08/2015 | Letter to Defendant | |
| | *qc/dj QC/MJ* | |
| 05/19/2015 | M/Reconsider (9:00 AM) (Judicial Officer Morales, Christopher G.) | |
| | *Defendant's Motion to Stay and Reconsideration* | |
| 05/19/2015 | Proposed Order | |
| | *Proposed Order on Motion to Stay* | |
| 05/20/2015 | Letters | |
| | *Letter Brief to Court* | |
| 05/21/2015 | Answer/Response | |
| | *Advisory to the Court* | |
| 05/21/2015 | Order Denying | |
| | *Motion to Stay and Reconsideration signed 5/21/15 qc/mm* | |
| 06/02/2015 | Notice of Appeal | |
| | *Notice of Appeal* | |
| 06/03/2015 | Notice to Court of Appeals | |
| | *qc/mvc/bm* | |
| 06/03/2015 | Appeal Electronic Confirmation | |
| | *Notice of Assgnment qc/mvc/bm* | |
| 06/04/2015 | Letter from Clerk | |
| | *Appeal - Designation (x2) qc/mvc/bm* | |

| 06/04/2015 | **Letters** | | | |
| | First Court of Appeals qc/mm/ls | | | |
| 06/05/2015 | **Letters** | | | |
| | First Court of Appeals qc/ls | | | |
| 06/08/2015 | **Letters** | | | |
| | First Court of Appeals qc/ls | | | |
| 06/08/2015 | **Affidavit of Indigency** | | | |
| | Pauper Affidavit of Inability to Pay on Appeal qc/mvc | | | |
| 06/11/2015 | **Letters** | | | |
| | 1st COA - Pauper's affidavit filed qc/mvc | | | |
| 06/11/2015 | **Letters** | | | |
| | First Court of Appeals qc/mvc | | | |
| 06/15/2015 | **Copy Request** | | | |
| | qc/dj | | | |
| 06/15/2015 | **Filing** | | | |
| | Court of Appeals | | | |
| 06/18/2015 | **Copy Request** | | | |
| | qc/mvc/ls | | | |
| 06/19/2015 | **Extension of Time** | | | |
| | First qc/mvc | | | |
| 06/19/2015 | **Appeal Electronic Confirmation** | | | |
| | 1st Extension of Time qc/mvc | | | |

FINANCIAL INFORMATION

**Defendant or Respondent Lerch, Marcy**

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 35.00 |
| | Total Payments and Credits | | | 35.00 |
| | **Balance Due as of 06/21/2015** | | | **0.00** |

| 04/20/2015 | Transaction Assessment | | | 2.00 |
|---|---|---|---|---|
| 04/20/2015 | E-filing | Receipt # 2015-08074-CCLK | Lerch, Marcy | (2.00) |
| 04/20/2015 | Transaction Assessment | | | 2.00 |
| 04/20/2015 | E-filing | Receipt # 2015-08133-CCLK | Lerch, Marcy | (2.00) |
| 05/01/2015 | Transaction Assessment | | | 2.00 |
| 05/01/2015 | E-filing | Receipt # 2015-09027-CCLK | Lerch, Marcy | (2.00) |
| 05/04/2015 | Transaction Assessment | | | 2.00 |
| 05/04/2015 | E-filing | Receipt # 2015-09082-CCLK | Lerch, Marcy | (2.00) |
| 05/19/2015 | Transaction Assessment | | | 2.00 |
| 05/19/2015 | E-filing | Receipt # 2015-10318-CCLK | Lerch, Marcy | (2.00) |
| 05/21/2015 | Transaction Assessment | | | 2.00 |
| 05/21/2015 | E-filing | Receipt # 2015-10482-CCLK | Lerch, Marcy | (2.00) |
| 06/02/2015 | Transaction Assessment | | | 2.00 |
| 06/02/2015 | E-filing | Receipt # 2015-11166-CCLK | Lerch, Marcy | (2.00) |
| 06/15/2015 | Transaction Assessment | | | 21.00 |
| 06/15/2015 | In Person Payment | Receipt # 2015-12034-CCLK | Lerch, Marcy | (21.00) |

**Interested Party Sedillo, Sandy**

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 7.00 |
| | Total Payments and Credits | | | 7.00 |
| | **Balance Due as of 06/21/2015** | | | **0.00** |

| 06/18/2015 | Transaction Assessment | | | 7.00 |
|---|---|---|---|---|
| 06/18/2015 | In Person Payment | Receipt # 2015-12409-CCLK | Sedillo, Sandy | (7.00) |

**Plaintiff or Petitioner Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5**

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 379.00 |
| | Total Payments and Credits | | | 379.00 |
| | **Balance Due as of 06/21/2015** | | | **0.00** |

| 03/13/2015 | Transaction Assessment | | | 242.00 |
|---|---|---|---|---|
| 03/13/2015 | Waiver (Credit) | | | (242.00) |
| 03/24/2015 | Transaction Assessment | | | 2.00 |
| 03/24/2015 | E-filing | Receipt # 2015-06139-CCLK | Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 | (2.00) |
| 03/30/2015 | Transaction Assessment | | | 2.00 |
| 03/30/2015 | E-filing | Receipt # 2015-06529-CCLK | Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 | (2.00) |
| 03/30/2015 | Transaction Assessment | | | 2.00 |
| 03/30/2015 | E-filing | Receipt # 2015-06542-CCLK | Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 | (2.00) |
| 05/01/2015 | Transaction Assessment | | | 127.00 |
| 05/01/2015 | E-filing | Receipt # 2015-09030-CCLK | Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 | (127.00) |
| 05/07/2015 | Transaction Assessment | | | 2.00 |
| 05/07/2015 | E-filing | Receipt # 2015-09428-CCLK | Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 | (2.00) |
| 05/20/2015 | Transaction Assessment | | | 2.00 |
| 05/20/2015 | E-filing | Receipt # 2015-10399-CCLK | Wilmington Trust NA Successor Trustee for the Merrill Lynch Mortgage Investor Trust Series 2006-HE5 | (2.00) |