**Reversed and Remanded; Opinion Filed October 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-00040-CV
_____

## IN THE INTEREST OF M.A.M., A CHILD

On Appeal from the 301st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-03-14732-T

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

Father appeals from the trial court's March 25, 2014 order in a suit to modify the parent-child relationship. The main issue is whether the trial court abused its discretion by awarding attorney's fees as costs against Father and then striking his pleadings for failure to give security for those fees under rule of civil procedure 143. TEX. R. CIV. P. 143. We conclude that attorney's fees under family code section 106.002 are not costs under rule 143 and the trial court abused its discretion by striking Father's pleadings. *See* TEX. FAM. CODE ANN. § 106.002 (West 2014). We also conclude this record does not show the trial court abused its discretion by ordering the record sealed. Accordingly, we reverse the trial court's order granting Mother's motion to dismiss under rule 143 and the March 25, 2014 modification order. We remand this case for further proceedings.

Father raises seven issues challenging: (1) the order striking his pleadings for failure to

pay Mother's attorney's fees awarded against him as costs; (2) the March 25, 2014 order to modify because there was no substantial and material change in circumstances; (3) the trial court's failure to rule on his discovery motions; (4) the trial court's failure to determine his net resources for child support; (5) the removal of the geographical restriction on residence of the child; (6) the amount of appellate attorney's fees awarded against Father; and (7) an October 30, 2012 order sealing the record.

After our decision in a previous appeal,[1] Father filed a petition to recover child support payments made in excess of the amount of our modification of the order.[2] Mother filed a counter-petition to modify the parent-child relationship. In May of 2012, the trial court heard three motions filed by Mother. Father, whose attorney withdrew shortly before the hearing, failed to appear at the hearing. The trial court granted the motions and also awarded Mother over $13,000 in attorney's fees against Father payable as costs under rule 143. When Father did not pay the attorney's fees within twenty days as ordered, Mother filed a motion to dismiss Father's pleadings for failure to give security as required by rule 143.

The trial court overruled Father's objections to the motion to dismiss and orally granted the motion at a pretrial hearing in December 2013. The court signed an order on March 12, 2014 granting Mother's motion and dismissing Father's claims for affirmative relief, including his first amended petition, without prejudice.

## A. Rule 143

Father argues in his first issue[3] that the trial court erred by awarding attorney's fees as

---

[1] *See In re M.A.M.*, 346 S.W.3d 10 (Tex. App.—Dallas 2011, pet. denied).

[2] *See id.* at 19.

[3] Father's issues are multifarious and difficult to comprehend. However, we discern from the argument in the brief and his citation of authority that his issue includes the question of whether the attorney's fees were properly awarded as costs. *See* TEX. R. APP. P. 38.1(f) (statement of an issue will be treated as covering every subsidiary question that is fairly included); 38.9 (briefing rules construed liberally).

costs under rule 143.

Rule 143 provides that a party seeking affirmative relief may be required to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. TEX. R. CIV. P. 143. If the party fails to comply with the order within twenty days after notice, the party's claim for affirmative relief must be dismissed. *Id.*

In general, the term costs does not include the attorney's fees of an opposing party. The supreme court recently explained:

> "Costs," when used in legal proceedings, refer not just to any expense, but to those paid to courts or their officers—and *costs generally do not include attorney's fees*. As we have recognized for decades, "the term 'costs' is generally understood [to mean] the fees or compensation fixed by law collectible by the officers of court, witnesses, and such like items, and does not ordinarily include attorney's fees which are recoverable only by virtue of contract or statute." *Johnson v. Universal Life & Accident Ins. Co.*, 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936). Courts have long held that "attorney's fees, in this state, in view of our various statutes on the question of costs, cannot be classed as costs, and that the court would have no power to so declare such fees as costs, and to give judgment therefor." *McClelland v. McClelland*, 37 S.W. 350, 359 (Tex. Civ. App. 1896, writ ref'd). We have concluded, in the context of a tariff rule, that "[t]he term 'costs' simply does not include attorney's fees." *Am. Airlines, Inc. v. Swest, Inc.*, 707 S.W.2d 545, 548 (Tex. 1986).

*In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) (emphasis added). The supreme court noted that when the legislature intended for attorney's fees to be considered costs, "it specifically said so." *Id.* at 176.

"Texas has long adhered to the American Rule with respect to awards of attorney's fees, which prohibits the recovery of attorney's fees from an opposing party in legal proceedings unless authorized by statute or contract." *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013). There are two statutory provisions authorizing attorney's fees in modification suits. *See* TEX. FAM. CODE ANN. §§ 106.002, 156.005; *see also Tucker*, 419 S.W.3d at 296–97. Section 156.005 exclusively applies to non-enforcement modification suits, and allows the court to tax attorney's

fees as costs "[i]f the court finds that a suit for modification is filed frivolously or is designed to harass a party." TEX. FAM. CODE ANN. § 156.005. Mother did not plead for attorney's fees under section 156.005, nor did the trial court make the required findings for an award of fees under that section. *see Tucker*, 419 S.W.3d at 300 ("Except when a trial court finds that a party filed a non-enforcement modification suit frivolously or with the purpose of harassing the opposing party, no provision in Chapter 156 authorizes an award of attorney's fees in modification suits. . . .Thus, trial courts must look to section 106.002—Title 5's general attorney's fee provision—for authority to award attorney's fees in most non-enforcement modification suits.") (citation omitted).

Section 106.002 affords trial courts general discretion to award attorney's fees in all suits affecting parent-child relationships, including modification suits. It provides: "In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney." TEX. FAM. CODE ANN. § 106.002(a). However, courts do not have discretion under this section to assess attorney's fees as additional child support or as necessaries enforceable by contempt. *Tucker*, 419 S.W.3d at 300.

Before 2003, section 106.002 authorized the award of attorney's fees "as costs." *See* Act of April 11, 1997, 75th Leg., R.S., ch. 15, § 2, 1997 Tex. Gen. Laws 55, 55. But in 2003, the legislature amended the statute to include expenses of an attorney and deleted the "as costs" language. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 478, § 1, 2003 Tex. Gen. Laws 1744, 1744; *see also Coburn v. Moreland*, 433 S.W.3d 809, 839–40 & n.30 (Tex. App.—Austin 2014, no pet.) (recognizing attorney's fees are not taxed as costs under current section 106.002 and distinguishing cases decided under prior version of statute). When the legislature removed the "as costs" language from section 106.002, it indicated its intent that attorney's fees awarded

under that section are not costs. *See Nalle Plastics*, 406 S.W.3d at 176 (noting legislature specifically says when it intends attorney's fees to be considered as costs).

Mother cites cases where the attorney's fees of a court appointed attorney ad litem, guardian ad litem, or amicus attorney were awarded as costs and enforced under rule 143. *See Shirley v. Montgomery*, 768 S.W.2d 430, 435 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding [leave denied]) (order to pay attorney's fees of attorney ad litem); *In re D.C.M.*, No. 14-06-00844-CR, 2008 WL 4146785 (Tex. App.—Houston [14th Dist.] Sept. 9, 2008, pet. denied) (amicus attorney's fees); *In re Guardianship of Rombough*, No. 02-11-00181-CV, 2012 WL 1624027, at *1 (Tex. App.—Fort Worth May 10, 2012, no pet.) (fees of guardian ad litem).

These cases, which involve expenses of "courts or their officers," are not applicable here. *See Nalle Plastics*, 406 S.W.3d at 175 (stating costs refer to expenses paid to courts or their officer). This case does not involve the fees of a court-appointed attorney or guardian ad litem. The trial court shifted attorney's fees from one party to the opposing party pursuant to statute, as an exception to the American Rule. *See Tucker*, 419 S.W.3d at 295. The order here awarded attorney's fees under section 106.002 and such fees are not costs. *See Nalle Plastics*, 406 S.W.3d at 175.

Section 106.002 no longer allows the award of attorney's fees as costs. Therefore, the trial court erred by taxing the fees as costs. Because the attorney's fees are not costs, rule 143 does not apply. We conclude the trial court abused its discretion by striking Father's pleadings under rule 143 for his failure to pay the attorney's fees.

We sustain Father's first issue to this extent.

## B. Sealing of Records

Father's seventh issue complains that the trial court erred by sealing the record in this case. Mother filed a motion to seal the record, stating only that because this case arises under the

family code, the requirements of rule 76a do not apply. *See* TEX. R. CIV. P. 76a(2)(a)(3) (documents filed in cases arising under family code are not court records).

On appeal, Mother argues we do not have jurisdiction over this issue because Father did not timely perfect an appeal from the order sealing the records. Rule 76a(8) provides that final orders sealing or unsealing court records are to be treated as severed from the case and final judgments for purposes of appeal. TEX. R. CIV. P. 76a(8); *see Oryon Technologies, Inc. v. Marcus*, 429 S.W.3d 762, 765 (Tex. App.—Dallas 2014, no pet.) (orders sealing or unsealing court records under rule 76a are immediately appealable as final judgments). However, Mother expressly alleged in her motion to seal that rule 76a does not apply to this case and she cannot now take the opposite position that the sealing order was rendered pursuant to that rule. Because the order was not issued pursuant to rule 76a, we reject Mother's argument that we lack jurisdiction to review the order.

In general, judicial records and documents are open, but the trial court has discretion to seal the record in appropriate cases. *See Times Herald Printing Co. v. Jones*, 717 S.W.2d 933, 936 (Tex. App.—Dallas 1986), *judgment vacated, cause dismissed, on other grounds*, 730 S.W.2d 648 (Tex. 1987) (per curiam); *Ashpole v. Millard*, 778 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding).

The motion to seal was filed September 21, 2012. At a hearing on October 8, 2012, several pending motions, including Mother's motion to seal, were discussed and all motions were reset to November 1, 2012. However, the clerk's case summary indicates a hearing was held on October 29, 2012 regarding the motion to seal. We do not have a record of that hearing. The trial court signed the order sealing the records on October 30, 2012.

At the November 1, 2012 hearing, the court discussed the motion to seal and reset it to December 18, 2012. Also on November 1, 2012, the trial court sent a letter to all parties stating

that the motion to seal was set to be heard on December 18, 2012. That hearing was later canceled.

Father told the court he just learned about the sealing order at the pretrial hearing on December 17, 2013. The trial court stated that the order was signed October 30, 2012 and there may have been a hearing on that date. Father responded, "Your Honor, we did have a hearing, and I opposed it; and there was no oral order or no rendition. I certainly never received an order." The court noted there were no pleadings to set aside the order and suggested he file a motion to set aside the order. On January 10, 2014, Father filed several objections to the pre-trial conference and to the order sealing the record. The trial court denied the objections on March 12, 2014.

Father complains he never received notice of the order until he discovered it over a year later. It is not clear why the trial court discussed the motion to seal as if it were still pending after the court signed the October 30, 2012 order, but the record indicates there was a hearing on October 29, 2012 and Father admitted he opposed the motion to seal. The record of that hearing is not before us on appeal.

Without a record of the October 29, 2012 hearing, we must presume the evidence supports the trial court's ruling. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) (burden is on appellant to present a sufficient record to show error requiring reversal). We conclude on this record, Father has not shown the order sealing the record was an abuse of discretion.

We overrule Father's seventh issue.

## CONCLUSION

We conclude the trial court abused its discretion by awarding attorney's fees against

Father as costs and then striking Father's pleadings for affirmative relief for the failure to pay costs under rule 143. TEX. R. CIV. P. 143. We reverse the trial court's order granting Mother's motion to dismiss for failure to give security for costs. Because the trial court granted Mother's request to modify the prior order without considering Father's pleadings for affirmative relief, we reverse the trial court's modification order and remand this cause for further proceedings. Finally, we conclude on this record that the trial court did not abuse its discretion by sealing the record. Father's remaining issues are not necessary the disposition of this appeal and we do not address them. *See* TEX. R. APP. P. 47.1.

140040F.P05

/Craig Stoddart/
CRAIG STODDART
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF: M.A.M., A CHILD

No. 05-14-00040-CV

On Appeal from the 301st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-03-14732-T.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the March 12, 2014 Order Granting Lynette Grange's Motion To Dismiss For Failure To Give Security For Costs and the March 25, 2014 Order In Suit To Modify Parent-Child Relationship Nunc Pro Tunc are **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant Esfandiar Maasoumi recover his costs of this appeal from appellee Lynette (Maasoumi) Grange.

Judgment entered this 8th day of October, 2015.